Martin N. MAYRATH, Appellant,

v.

Rose Angela MAYRATH, Appellee.

No. 7230.

Court of Civil Appeals of Texas.

Texarkana.

April 26, 1960.

Rehearing Denied May 17, 1960.

Pete White, Dallas, for appellant.

M. R. Irion, Irion, Cain, Cocke & Magee, Dallas, for appellee.

FANNING, Justice.

This is a child custody case. The judgment was signed and entered by the trial judge on September 15, 1959. The transcript was timely filed on November 2, 1959, in the Court of Civil Appeals for the 5th Supreme Judicial District of Texas, at Dallas, Texas. On November 13, 1959 the Dallas Court of Civil Appeals granted a thirty day extension for appellant to file a statement of facts in the case. On or about November 18 or 19 the statement of facts was delivered to appellee's attorneys for examination and approval. Appellee's attorneys were not satisfied with the statement of facts and refused to approve same. In an affidavit filed in this Court by appellee's attorneys it was stated that such statement of facts while it remained in the office of appellee's attorneys was at all times available to counsel for appellant.

Hon. Earl R. Parker, who apparently was leading counsel for appellant and who apparently was looking after appellant's appeal, became ill in the early part of December 1959 and died on December 17, 1959. Appellant also had one other attorney as shown by the record.

The thirty day extension for the filing of the statement of facts previously granted by the Dallas Court of Civil Appeals expired December 13, 1959.

On January 20, 1960 the case was transferred to this Court of Civil Appeals pursuant to an order of the Supreme Court of Texas on equalization of the dockets of the Courts of Civil Appeals.

On January 20, 1960, the trial court approved the statement of facts and the same was filed in the trial court on January 21, 1960.

On January 21, 1960, the statement of facts was tendered for filing in this court but was not then permitted to be filed. On January 25, 1960, appellant filed a motion in this court requesting permission to file the statement of facts setting up by affidavit various equitable reasons therefor. Appellee opposed the motion by answer and counter-affidavit. On February 9, 1960, this court granted appellant's motion and permitted the statement of facts to be filed in this court as of February 9, 1960.

Appellant failed to file a brief in this court within 30 days after February 9, 1960, and failed to comply with Rule 414, Texas Rules of Civil Procedure. On April 9, 1960, appellant tendered for filing with the Clerk of this Court an appellant's brief in this cause.

Appellee contends that the cause should be dismissed for lack of prosecution or in the alternative that the judgment of the trial court should be affirmed.

Under the provisions of Rule 415, T.R.C.P., the appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for failure to file a brief within the required time and that appellee has not suffered material injury thereby.

Appellant has not offered any good cause or excuse for his failure to file his brief within the proper time or made any showing that appellee has not suffered material injury thereby.

Presumptively, at least, appellee has suffered consequential injury in that she has been denied thereby the exercise of her affirmative right to seasonably file a brief for herself in reply to that of appellant. Hobbs v. Jackson, Tex.Civ.App., 313 S.W. 2d 348; Maples v. Jackson, Tex.Civ.App., 311 S.W.2d 464; Aldridge v. Clinton Park Development Co., Tex.Civ.App., 187 S.W. 2d 255.

Under authority of Rule 415, T.R.C.P., it is clear that appellee's motion to dismiss appellant's appeal is well taken and no circumstance appears indicating that the order of dismissal should not be entered. See Sneed et al. v. Moore et al., Tex.Civ.App., 330 S.W.2d 472 and authorities cited therein.

We have also carefully examined the record and find that it does not show any abuse of discretion on the part of the trial judge in entering the judgment complained of. We find no reversible error in the record and would affirm the judgment of the trial court if we did not dismiss the appeal. We however deem that the more appropriate order in this case is one of dismissal of appellant's appeal for lack of prosecution.

Appellant's appeal is dismissed.