**REAVES & BECKER COMPANY, Appellant,**

**v.**

**The WILKES COMPANY, Appellee.**

**No. 11313.**

Court of Civil Appeals of Texas.

Austin.

June 16, 1965.

Rehearing Denied July 7, 1965.

Sneed & Vine, J. P. Darrouzet, J. B. Selman, Austin, for appellant.

Don L. Baker, Thomas H. Watkins, Austin, for appellee.

PHILLIPS, Justice.

During the years 1961, 1962 and 1963, appellant purchased duct work, air conditioning and heating equipment from appellee and paid for these items. As there was some question as to whether appellee's sales were subject to the tax imposed by Article 20.02 (Taxation General) V.A.T.S., it did not bill appellant for the sales tax; however, on a determination being made by the State Comptroller that the tax was due and owing, appellee billed appellant for $209.49 for such tax. Appellant refused to pay; hence, this lawsuit.

The trial court granted judgment to appellee for the full amount of the tax, plus attorney's fees. We affirm this judgment.

Appellant does not contend that the items sold to it were not amenable to the tax. Neither does it deny that the sales tax was not paid, nor plead the Statute of Limitations or Laches or any other matter relating to lapse of time.

Appellant under its first point of error asks this question and we quote from their brief: "The question under this point of error is squarely presented to the court. Can a retailer (appellee) not charge a sales tax and sue thereafter on 'account' and recover it?"

We answer this question in the affirmative.

All of the abovementioned items (with the exception of two valued at $57) were sold to appellant while Article 20.02 was in effect. This article was amended in 1963 and the effect of this amendment will be discussed later. Art. 20.02 provided that the tax imposed should be collected by the retailer from the consumer. The statute did not state when the tax was to be collected nor did it state that if the retailer fails to add the tax on the invoice that is originally sent that the tax is not due and owing. The law merely states that the retailer shall collect the sales tax due and owing to the State from the consumer. This is exactly what

the appellee attempted to do and brought this law suit when appellant refused to pay the tax.

■ Appellant maintains in its second point of error that appellee was not entitled to relief in that it was acting under a mistake of law. As we understand appellant's position, this contention is predicated on the fact that appellee did not bill appellant for the tax as appellee was uncertain for a time as to whether the tax was due on the transaction in question. We overrule this point. The reason for appellee not having collected the tax when it first billed appellant is immaterial. The law imposed the duty upon it to collect the tax. This it is attempting to do.

■ Appellant's third point of error is that of the trial court in granting judgment to appellee for attorney's fees as such fees are not recoverable here under Article 2226, V.C.S.

We overrule this point. Article 2226 provides for the collection of attorney's fees where a case is filed upon a sworn account for material furnished. Article 20.02 as amended in 1963 provides:

"Every retailer shall add the sales tax imposed by Article 20.02 of this Chapter to his sale price and when added the tax should constitute a part of the price, shall be a debt of the purchaser to the retailer until paid, and shall be recoverable at law in the same manner as the purchase price." Art. 20.021.

Admittedly the tax for two of the items in question billed at $57 comes under the above quoted amendment. The parties have stipulated that if attorney's fees are re-

coverable here, $150 would be a reasonable amount. We hold that the above quoted amendment to Article 20.02 authorizes the collection of attorney's fees where a retailer attempts to collect the sales tax due on material furnished just as in any other suit brought under Art. 2226.

We also hold that attorney's fees are recoverable in a suit for the tax on the remaining items involved here.

While Art. 20.02 before amendment was silent as to the method of collection, upon amendment in 1963, we find the following provision:

"In addition to the application of this Act with respect to transactions occurring on and after the effective date hereof, the definitions, exemptions and other provisions hereof are intended to clarify the prior law (Chapter 24, Acts 1961, Fifty-seventh Legislature, First Called Session) and shall not be considered in construing or applying the prior law in such a manner as to cause or result in the imposition of any tax thereunder which would not have been imposed under the prior law in the absence of this Act." Art. 20.01.

■ This amendment was for the purpose of clarification and was not intended to change the substantive law prior thereto. Thus the sales tax itself, by statute, becomes a debt arising out of a transaction involving the transfer and sale of personal property, such debt is recoverable in the manner presented here and in such case attorney's fees are recoverable.

The judgment of the trial court is affirmed.

Affirmed.