**Frank C. LUECK, Appellant,**

v.

**Albert W. CARTER et al., Appellees.**

**No. 17188.**

Court of Civil Appeals of Texas,
Fort Worth.

April 2, 1971.

Hyde, Tucker, Gano, Alexander & Brown, Dallas, for appellant.

Hopkins & Kelsey, Denton, for appellees.

OPINION

BREWSTER, Justice.

This is an appeal from an order overruling the defendant's plea of privilege. The order appealed from recited that it was rendered and entered on July 27, 1970.

We dispose of the appeal by dismissing it for want of prosecution because appellant did not present his initial briefs to the clerk of this court for filing until the day before the day the case was set for submission.

The time for filing the statement of facts and transcript was extended by order of this court until September 16, 1970, and both such instruments were actually filed in this court on September 15, 1970.

The litigants made no agreement providing for late filing of briefs. Rule 414, T.R.C.P., requires that the appellant's brief be filed within 30 days after the statement of facts and transcript are filed in the Court of Civil Appeals.

This appeal has long been set for submission on March 19, 1971. On September 15, 1970, the clerk of this court by letter to attorneys for both sides notified each of them that the case was set for submission on March 19, 1971. The appellant's brief was not tendered to the clerk of this court for filing until March 18, 1971, which was the day before submission date, and which date was a little over five months after the Rules of Civil Procedure required such brief to be filed.

On March 19, 1971, the appellees filed herein a motion to strike appellant's brief and to dismiss this appeal because of the late filing of appellant's brief.

We are convinced that the file in this case does not reflect fundamental error.

The appellant here was not entitled as a matter of right to file his initial briefs late. To get permission to file his briefs late he had the burden of showing

that good cause existed for permitting him to file them late right on up to the time that such briefs were tendered to the clerk for filing. The appellant also had the additional burden of rebutting the presumption that appellees suffered material injury by reason of such late filing. See Black v. Aldrich, 339 S.W.2d 340 (Fort Worth Civ. App., 1960, no writ hist.) and Rule 415, T. R.C.P.

In this case appellant did not carry his burden in either respect.

He has made no effort to rebut the presumption that appellees would sustain injury if appellant was permitted to file the appellant's brief on the day before submission date.

A number of Texas cases hold that where appellant's brief is filed so late that the appellee is by virtue of such late filing denied his affirmative right to seasonably file a brief in reply to such appellant's brief, it will be presumed that the appellee has been caused to suffer consequential injury by such late filing. See on this Hobbs v. Jackson, 313 S.W.2d 348 (Fort Worth Civ.App., 1958, no writ hist.); Sneed v. Moore, 330 S.W.2d 472 (Texarkana Civ.App., 1959, no writ hist.); and Mayrath v. Mayrath, 335 S.W.2d 873 (Texarkana Civ.App., 1960, no writ hist.).

 During argument at submission time appellant's counsel stated that he had no *legal* excuse for not timely filing his brief. He stated further that his reason for the untimely filing was because his file in the case had become lost or misplaced during an office move that he made. We were not advised as to when this office move was made. We are convinced that appellant did not make a showing of good cause for late filing of his brief. See Rodriguez v. Flores, 426 S.W.2d 285 (San Antonio Civ.App., 1968, no writ hist.).

We are aware of the fact that this court has a great deal of discretion in deciding the question of whether or not to dismiss an appeal for late filing of briefs. How-ever, it would be difficult to visualize a stronger set of facts for the dismissal of an appeal under Rule 415, T.R.C.P., than those that exist here.

Cases having similar facts wherein the appeal was dismissed are: Brotherhood of Railroad Trainmen v. Edmonds, 10 S.W.2d 1011 (San Antonio Civ.App., 1928, writ dism.) (brief filed 4 days before submission date and over 4 months late); Gonzales v. Great American Casualty Co., 32 S.W.2d 527 (San Antonio Civ.App., 1930, no writ hist.) (brief filed on submission date and over 5 months late); and Mandry v. Brown Cracker & Candy Co., 248 S.W. 1095 (San Antonio Civ.App., 1923, no writ hist.) (brief filed 2 days before submission date).

This appeal is hereby dismissed for want of prosecution.