Wayne EVANS, Appellant,

v.

Norman C. MOORE et ux., Appellees.

No. 17249.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 22, 1971.

Charles W. Evans, Arlington, for appellant.

Fred W. Davis, Arlington, for appellees.

## OPINION
## ON MOTION FOR EXTENSION OF TIME TO FILE BRIEF

PER CURIAM.

In 1942 this Court announced that it would henceforth require a strict showing before granting extensions of time for filings, including the granting of extensions of time for filing briefs. See Rhodes v. Turner, 164 S.W.2d 743 (Fort Worth, Tex.Civ.App.1942, no writ hist.).

To comply with the provisions of the Rules of Civil Procedure which were under consideration by the court in making the announcement of Rhodes v. Turner, we believe that the factual existence of good cause for delay, as any other fact to be established in the appellate courts, could only be *prima facie* proved by one or more sworn affidavits. Of course a motion before the court to be acted upon might amount to an affidavit if it embraced factual matter, the truth of which might be *prima facie* proved by verification of the contents of the motion.

Averments of the motion before us is neither proved by verification nor by appended affidavits.

This Court has at all times since the announcement in Rhodes v. Turner adhered to the requirements therein stated.

We take this occasion to reaffirm such requirements.

In the instant case the Motion for Extension of Time for filing appellant's brief is one where the appeal is from an adjudication that a minor child is .dependent and neglected. In other words, if prejudice exists at all it is only that of the minor child whose dependency has been adjudicated, the propriety of such constituting the subject of the appeal.

It is true that no good cause is made to appear *prima facie* why we should grant the requested extension of time for filing an appellant's brief under provisions of Texas Rules of Civil Procedure, rule 414, "Briefs: Time for Filing, Etc." But the circumstances are such, in our opinion, as to justify departure from the rule of Rhodes v. Turner and rule upon the motion under the provisions of T.R.C.P. 1, "Objective of Rules". See the General Commentary in Vernon's Texas Rules Annotated.

The motion is granted. It is directed that the appellant's brief, although late, be filed in this case.

## OPINION

BREWSTER, Justice.

This was a dependent and neglected child case. On July 16, 1970, the trial court rendered a judgment decreeing Donnie Wade Evans, born August 17, 1966, and Kristi Louise Evans, born October 14, 1967, to be dependent and neglected children, awarding their custody to their maternal grandparents, Mr. and Mrs. Norman C. Moore, and terminating the parental rights of their parents. The judgment was reformed on July 30, 1970, to correct an error in it.

Mr. and Mrs. Moore, who instituted this suit, are the appellees here and the children's father, Wayne Evans, is the appellant.

The statements of the case in the briefs of both parties state that the children's mother, Glenda June Evans, endorsed the petition whereby this suit was instituted seeking to have the children declared to be dependent and neglected. We accept these statements as true since they are unchallenged by anyone. Rule 419, T.R.C.P.

In view of the fact the mother endorsed the petition seeking to have the children declared to be dependent and neglected she was not served with citation in the case, as it was not necessary. Article 2332, Vernon's Ann.Tex.Civ.St. The mother does not complain of the dependency decree and is not involved in this appeal. She was in California at the time the suit was filed and also at the time the dependency judgment was rendered.

The father, Wayne Evans, was cited in the case by publication. At the time the case was filed in May, 1970, he was living in Idaho, and at the time of the trial on July 16, 1970, he was in the United States Marine Corps Brig at Camp Pendleton, California. He had no actual notice of the filing of the suit or of the hearing date until after the case had already been tried and judgment therein rendered on July 16, 1970. The sworn petition alleged that his residence was unknown and the petitioners made affidavit in connection with the issuance of citation by publication that after diligent search they had been unable to ascertain his whereabouts. Based on this the citation by publication was issued and published for the required time.

At the July 16, 1970, trial the court appointed an attorney ad litem to represent the father. By virtue of a letter that this attorney ad litem wrote to the father he received actual notice, after the trial, of the dependency suit and of the rendition of the decree.

On August 6, 1970, the father, Evans, filed in the case a motion whereby he sought to (1) have the dependency decree set aside, (2) a new trial in the case, and (3) to have the permanent custody of the children awarded to him.

The court held a hearing on the matter on October 5, 1970, at that time heard all the evidence that was offered by the respective parties, and did on January 11, 1971, render a decree by which the father's motion was overruled and by which it was ordered that the court's prior decree still stand declaring the children to be dependent and neglected and declaring the parents' parental rights terminated.

This appeal is brought by the father. from that decree.

The appellant's first 4 points of error attack the validity of the service upon him (by publication).

■ Service of citation upon the father was not even necessary to the validity of this dependency decree because the mother endorsed on the petition the request that the children be declared to be dependent and neglected and for the further reason that neither parent resided in Tarrant County at the time the suit was filed. Article 2332, V.A.T.S.

■ In instances where such a decree is rendered without notice to a parent he is entitled to a full hearing later on the issue of whether or not his children were in fact dependent and neglected at the time such decree was rendered. Grider v. Noonan, 438 S.W.2d 631 (Corpus Christi Tex.Civ. App.1969, no writ hist.) and De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687 (1944).

The following is from page 691 of the opinion in the De Witt case just cited:

"While a parent who had no notice of the proceedings in which a child was adjudged to be a dependent child is not cut off from his right to show in a subsequent hearing that he had not allowed his child to become a dependent child, yet, if upon such subsequent hearing it appears that he had, in fact, allowed his child to become a dependent child, then the judgment declaring the child to be a dependent child and awarding its custody to some one else becomes binding upon him."

■ In view of the fact that the appellant did after the rendition of the dependency decree file proceedings to set such decree aside and in view of the fact that the trial court did afford him a full hearing thereon (as will be hereinafter demonstrated) the question of whether or not the citation by publication to the father was fatally defective becomes immaterial. No harm could have resulted therefrom to appellant. We therefore overrule the first 4 points of error. On this see Grider v. Noonan, supra, syllabi 6 and 7.

By appellant's point 5 he contends that the court erred in not granting his motion to set aside the dependency decree and in not granting him a full and complete new trial on the dependency question.

We overrule point 5 because the record reflects that the appellant was given a full and complete hearing at the October 5, 1970, hearing on the question of whether or not his children were dependent and neglected at the time they were so declared by the July 16, 1970, decree. The record shows that the court did, on October 5, 1970, hear all of the evidence that appellant's counsel offered at that time for the court's consideration.

■ At that hearing appellant's counsel used as witnesses the appellant and appellant's wife. The court did not at any time ask him to quit putting on evidence. His evidence did appear to cover all the issues that are involved in the case. His counsel at no time made a complaint that he was being denied a fuller hearing. The record reflects that the decision to rest his case at that hearing was made by his attorney. He stated then that he had character witnesses, but that he believed their testimony would only be repetitious. He then rested appellant's case. His decision to not offer additional testimony was his own. Under these circumstances he has made no showing that the court erred in either failing or refusing to grant him a full hearing on the questions involved.

By his points 6, 7 and 8 appellant contends that the trial court erred after hearing the evidence at the October 5, 1970, hearing in affirming his July 16, 1970, decree of dependency, contending that his ruling was against the greater weight of the evidence and that appellees failed to sustain their burden of proof. He also contends therein that the court, based on the October 5 hearing, erred in not finding that he was a fit and proper person to have the custody of the children.

As stated, the controlling issue for the court's determination at the October 5, 1970, hearing was whether a preponderance of the evidence offered at that hearing showed that the children involved were in fact dependent and neglected children at the time of the rendition of the questioned decree on July 16, 1970. Grider v. Noonan, supra, and De Witt v. Brooks, supra.

In considering these points we have carefully reviewed the entire record.

The evidence offered at the trial that bears on that issue is practically undisputed. Mr. Evans, the appellant here, testified as follows: he was 18 years old when he married the children's mother, who was then 16 years old; he was a member of the United States Marine Corps and by virtue of being in service his wife and children were at first receiving an allotment; about 26 months prior to July 16, 1970 (March, 1968) appellant voluntarily went "absent without leave" (AWOL) from the United States Marine Corps; at that time he went into hiding from the Marines and also from his wife and children; by virtue of his voluntary conduct in this respect the government stopped his pay, including the allotment that had been going to his wife and children; for the last two years prior to July 16, 1970, he furnished no support whatever for his children or for their mother; on deserting from the Marines, appellant started going under the name of Wayne Autry, instead of Wayne Evans, and went to Idaho and lived there under that name for around two years; he worked during that time as a maintenance man for Sears Roebuck but sent no money for his wife and children; he did not contact his wife or children during this time, and they did not know his whereabouts for over two years; he lived with another woman in Idaho for the two years just before he was apprehended by the F. B. I.; he fathered another child by that woman during that time; he was apprehended by the F. B. I. around the last of June, 1970; he served time in the Marine Brig because of his conduct; he made no effort on his own hook to contact his children or their mother, even after being apprehended, and it was not until the attorney ad litem's letter caught up with him telling him of the dependency suit that he then called his mother and told her to get a lawyer and to seek custody of the children; during all the time that he was a fugitive and hiding out, he did not know anything at all about his children or their status, but assumed that they were in the custody of their mother and were living in the home of the appellees, who were their maternal grandparents; the record shows that the children's mother procured a divorce from appellant by publication on November 20, 1969; appellant did not know about it until July or August, 1970; he did then on August 19, 1970, marry the woman he had been living with in Idaho, she being the mother of his child born in Idaho; he is now living in Fort Worth in a rented home with this last wife and is working and wants the custody of the two children involved in this case; he served time for being AWOL and was given an undesirable discharge from the Marines.

Mrs. Moore, an appellee, testified: the children had lived in appellees' home throughout their entire lives except for a three month period when they were taken to Hawaii to visit appellant and for an additional short period when they were taken on a vacation; their mother has not helped the Moores with the children since April, 1970; she moved away from the Moore home in November, 1969, and left the children; appellant has not helped the Moores

with the children since February or March, 1967; when this dependency case was filed neither the Moores, the children's mother, or appellant's parents knew where he was; about June 28, 1970, the F. B. I. called Mrs. Moore and advised her that appellant had been apprehended and was in the custody of the Marines, but they did not know where; Mrs. Moore advised the court of this fact at the July 16, 1970, hearing; during the last two years appellant has not helped out with the children or even inquired about them; Mrs. Moore told the children's mother that if she would not come in and help with the children to just leave; the mother has at all time material here been in California.

In view of this evidence we hold that the petitioners did at the October 5, 1970, hearing sustain their burden of proving by a preponderance of the evidence that the children in question were dependent and neglected children at the time they were so declared on July 16, 1970. We overrule appellant's 6th, 7th and 8th points of error.

The judgment is affirmed.