**HOL–MAIN CORPORATION et al., Appellants,**

**v.**

**Gladys DISSEN, Co-Independent Executrix for the Estate of W. J. Dissen, Deceased, Appellee.**

**No. 1056.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 31, 1975.

Sanford J. Slobin, Brochstein & Slobin, Houston, for appellants.

Richard N. Carrell, Fulbright & Jaworski, Houston, for appellee.

OPINION

NYE, Chief Justice.

This is a suit to recover the defaulted rental payments due under a lease. The case was tried before the court without a jury which resulted in a judgment for the plaintiff in the amount of $8,000.00, together with interest and costs. The defendants Hol-Main Corporation, et al, perfected their appeal to the 14th Court of Civil Appeals by filing their transcript on July 30, 1975. The

Supreme Court transferred this case to the Thirteenth Court of Civil Appeals. The appellants did not file a statement of facts, nor did appellants file its brief in accordance with Rule 414, T.R.C.P.

On October 20, 1975, the Clerk of this Court received a letter from appellants' attorney advising that the appellants did not wish to pursue the appeal. The Clerk, in acknowledging receipt of this letter, advised the attorney for the appellants that the Court wanted appellants to file a motion to dismiss the appeal. Such motion has not been filed and over sixty (60) days has passed.

On December 19, 1975, the appellee filed her motion to affirm on certificate. She attached to her motion a certified copy of the judgment rendered by the Honorable Warren P. Cunningham, Judge of the 164th District Court of Harris County, Texas, together with the certificate of the District Clerk certifying that the Honorable Ray Hardy, said Clerk, had received $500.00 as cash deposit in lieu of the appeal bond to cover the costs of the appeal, as provided by Rule 387, T.R.C.P. The Court finds that all parties to this appeal have received ten (10) days' notice of the filing of the motion to affirm on certificate.

When an appellant has failed to file its brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution, or the Court may decline to dismiss the appeal and give such direction to the cause as it may deem proper. Rule 415, T.R.C.P. We have read the transcript and have determined that it does not present any matter involving fundamental error nor does it present any questions of law that are of any importance to the public in general as distinguished from the parties to this appeal. In view of the foregoing, we are of the opinion that the appellee is entitled to affirmance of the judgment of the trial court and that her motion to affirm on certificate should be granted. The Court declines to dismiss the appeal; it finds that all prerequisites in the motion have been complied with and, therefore, grants appellee's motion to affirm the judgment of the trial court.

Affirmed.