Ken ANDREWS, Appellant,

v.

TWIN MONTANA, INC., Appellee.

No. 17819.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 4, 1977.

Penix, McCracken & Andrews, Ken Andrews, Graham, for appellant.

Fillmore, Lambert, Farabee, Purtle & Lee, Thomas H. Bacus, Wichita Falls, for appellee.

PER CURIAM.

January 5, 1977, appellant, Ken Andrews, filed a "Motion to Grant Late Filing of Brief in Court of Civil Appeals." The appeal is from a summary judgment rendered on May 28, 1976. Such motion is opposed by appellee, and it has its own motion to dismiss the appeal.

The transcript was filed on July 26, 1976. Appellant's brief was received by the clerk of this Court on December 20, 1976, (some 107 days after the August 25, 1976, date it should have been received). The motion for extension of time within which it might be filed was received on January 5, 1977.

Appellant alleged as good cause for his delay in filing brief the death of the senior partner of the law firm handling his work, the attendant increase of work on the other partners, and that appellee would not suffer material harm if the motion is granted due to continuous correspondence between appellant's and appellee's lawyers concerning the case, and because at no time has the case been considered settled by either party. Such motion was not sworn and no affidavits were filed in connection therewith.

■ Tex.R.Civ.P. 414, "Briefs: Time for Filing, Etc.", provides for an appellant to file his brief in the Court of Civil Appeals within thirty days after having filed the transcript and statement of facts, if any. Tex.R.Civ.P. 415, "Briefs: Dismissal for Failure to File", provides that the Appellate Court may dismiss the appeal for want of prosecution unless the appellant has complied with the provision of Rule 414 relative to time within which appellant should file his brief unless appellant shows good cause for the failure, and further shows that appellee has not suffered material injury thereby. In other words the presumption, absent appellant's discharge of his burdens, is that there was not good cause for his delay and that because of his delay the appellee has suffered or will suffer prejudice. Practice in Appellate Courts is for appellant to seek to accomplish his purpose and have his delay authorized or approved by the Court upon his motion and request filed in the Court, with opportunity afforded the appellee to oppose the motion.

■ Involved in the instant appeal is not a short period of delay by appellant, but one of lengthy duration. Even had appellant's motion been sworn it could not be said that anything more than that there had been an unspecified period in which there was occasion for delay in filing appellant's brief.

Good cause for delay in filing brief, even if existent at some point in time, is not shown unless there is explanation for the entire period of the delay during which there was failure to file it or to move for an extension of time to file it.

In the motion presented it is acknowledged that appellant was represented by a law firm. There were surviving members after the death of the one responsible for handling this appeal. It has been held that where a legal firm represents an appellant and there is delay in filing brief because one member was ill and one was involved in a political campaign there would not be any good cause for delay in filing an appellant's brief. *Assembly of God Church of Tahoka v. Bradley*, 196 S.W.2d 696 (Tex.Civ.App.—Amarillo 1946, no writ), citing cases.

 Generally, unless reason for failure to timely file brief is based in part on impact of some event beyond immediate control of appellant and/or his attorneys, and to some extent unforeseeable, good cause for extending time within which it might be filed does not exist. *Rodriguez v. Flores*, 426 S.W.2d 285 (Tex.Civ.App.—San Antonio 1968, no writ). Here, particularly in view of the fact that appellant is represented by a firm of lawyers, there would not exist good cause for delay—certainly for the extended period here involved—even assuming the Court would be obliged to accept the representation as true by some verification of the motion or by some affidavit to establish the fact.

This Court, in *Evans v. Moore*, 472 S.W.2d 540 (Tex.Civ.App.—Fort Worth 1971, no writ), reaffirmed its position as stated in *Rhodes v. Turner*, 164 S.W.2d 743 (Tex.Civ.App.—Fort Worth 1942, no writ), relative to requiring a strict showing by verification of motions, appending affidavits, etc., before granting extensions of time for filing of transcripts or statement of facts, and announced that there would be like requirement of motions for extension of time within which to file briefs.

Already noticed above is that the motion of appellant for extension of time for filing his brief is not verified and that there is no affidavit presented in support of it. Under these circumstances appellant has not proved anything by his motion; he has merely made some unsupported allegations. Previously indicated is that we are of the opinion that even were the motion for extension of time verified it would be insufficient to show good cause for appellant's delay in tendering the brief desired to be filed and for this Court to grant the extension of time requested. There was no affidavit presented in support of the motion; sufficiency of affidavit proof is not a question to be considered.

We have examined the record and find that no question of fundamental error is involved; that there is not any other reason to deem the appeal as so exceptional that appellant's motion should be granted because of Tex.R.Civ.P. 1, "Objective of Rules", or that our action on the merits is a matter of public interest.

The appellant's motion for extension of time is denied.

The appellee's motion, insofar as it is for a dismissal of the appeal for want of prosecution, is granted.

The appeal is dismissed.