**Clinton MANGES et ux., Appellants,**

v.

**FIRST STATE BANK & TRUST COMPANY et al., Appellees.**

**No. 1379.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1978.

Arnulfo Guerra, Cornelius Duvall, Roma, for appellants.

Jarrel D. McDaniel, Vinson & Elkins, Houston, M. L. Null, Anderson, Smith, Null & Stofer, Victoria, Thomas A. Garner, Jr., Rhodes, Garner & Roberts, Port Lavaca, for appellees.

## OPINION

PER CURIAM.

The appellants in each of these cases have filed motions asking for similar relief and which have been independently challenged by appellees on similar grounds. In cause number 1419, *Duval County Ranch Company, et al. v. Harlingen National Bank,* appellants have filed a motion to extend time to file the record and a like motion for leave to file their brief. In cause number 1379, appellants have filed a motion to extend time to file their brief. Appellees have filed a motion to dismiss the latter case for want of prosecution.

This Court requires all motions containing factual allegations to be verified. See our local rules published as the appendix in *Continental Oil Co. v. Dobie,* 552 S.W.2d 183 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). The challenges raised by the appellees in both cases concern the truthfulness of factual allegations made by C. H. Duvall, attorney for the appellants in both cases, in the respective verified motions to extend time. Misrepresentations of fact made by attorneys in verified motions may be either intentional or negligent. Such misrepresentations, regardless of motive, could form the bases of complaints to grievance committees for review and appropriate action by such committees.

Affidavits of the district and deputy district clerks in Calhoun and Cameron Counties, which appear to refute statements made by Mr. Duvall, were filed by appellees as a part of their replies in opposition. Appellees cite various other defects in the original motion filed by Mr. Duvall in Cause No. 1419, but we find these defects were either cured by subsequent filings or are insufficient alone to require denial of the motion.

This Court relies on the sworn factual statements made by attorneys, and considers a challenge to the truth of a verified statement to be very serious. Mr. Duvall was instructed to respond in writing to the challenges in both cases and also to appear for a hearing set for August 15, 1978. Due to a conflict with a case in federal court, the hearing, at the request of Mr. Duvall, was postponed to September 6, 1978, a date which Mr. Duvall assured the Clerk of this Court would be convenient for him.

On September 6, 1978, two attorneys for appellees in Cause No. 1379 appeared, but Mr. Duvall did not appear, nor did he inform the Court prior to docket call of his whereabouts. After the start of the hearing, he telephoned from Brownsville to explain he was involved in a case in federal court which required his presence there. This Court heard arguments from the attorneys present and took all the pending motions under advisement, and we allowed Mr. Duvall to file an additional brief thereafter.

At the outset we note that the standard of review for a motion to extend time to file the record under Rule 21c, T.R.C.P., is governed by the "reasonable explanation" standard as interpreted by the Supreme Court in *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.Sup.1977), whereas an extension of time to file appellant's brief is governed by the "good cause" standard in Rule 414, T.R.C.P. See *Continental Oil Co. v. Dobie,* supra, and cases cited therein. Therefore we reach a different result in the two cases.

## MOTIONS IN CAUSE NO. 1419

We first consider the motions in Cause No. 1419. The record was due to be

filed in this Court on June 13, 1978. Three days later the transcript was tendered for filing, along with a motion to extend time to file the record. The explanation offered for failure to timely file the transcript was that the office of the District Clerk of Cameron County informed Mr. Duvall on June 14 that the transcript was ready and could be picked up upon payment of the cost, the District Court required payment despite the filing of a valid cost bond, and that he could not reach his client and secure the funds for payment until June 16. Appellees opposed the motion and provided two affidavits of deputy district clerks, which stated they had called Mr. Duvall on June 7 and June 13 to inform him of the readiness of the transcript and of the requirement for payment. In his answer filed August 11, 1978, Mr. Duvall attached a copy of his long distance telephone bill, which reflected calls from the coordinator's and clerk's offices on June 8 and 14, respectively. He emphasized that he had never alleged the clerk's office failed to timely prepare the transcript or failed to timely notify him of its readiness; rather, the lateness resulted from the difficulty in contacting his client and securing the funds to pay for the transcript. He considered advance payment to be unnecessary and the demand therefor to be unwarranted when a cost bond has been filed, but attempted nevertheless to comply with the requests made by the District Clerk.

We are of the opinion that the original motion lacks completeness, but the facts alleged therein and in the fuller explanation filed August 11, are not in absolute conflict with facts asserted by appellees. We are also of the opinion that the reason for lateness is "a plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.Sup.1977). As for the District Clerk's requirement for advance payment before releasing the transcript, see *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex.Civ. App.—Corpus Christi 1976, no writ).

The statement of facts was received for filing on July 28, 1978. The official court reporter provided an affidavit stating, among other things, that he received the request to prepare the statement of facts on June 9, 1978. This was only four days in advance of the date that the statement of facts was due to be filed in this Court. Mr. Duvall stated in his motion that the request had been mailed June 1, but that it was misaddressed and thus resulted in delayed delivery. The request of June 1 was only 12 days before the record was due, even if it had reached the reporter the same day. While the reason for the late request has not been fully explained, we find, in view of the brevity of the statement of facts (38 pages) presented, that this alone will not require denial of the motion.

Having given the attorney the benefit of all reasonable doubts, we find that the explanation is reasonable. Appellants' motion to extend time to file the record is granted. The transcript is ordered filed as of June 16, 1978, and the statement of facts is ordered filed as of July 28, 1978, the dates on which each portion of the record was received. The motion for leave to file appellant's brief is also granted, and it is ordered filed as of August 30, 1978. Appellees will have 25 days from the date of this opinion to file their brief.

## MOTIONS IN CAUSE NO. 1379

Cause No. 1379 is an appeal from a summary judgment. Appellants sued appellees for breach of contract, conversion of personal property, and defamation of character after appellees had foreclosed on the collateral securing a promissory note which was past due. Appellees' motion for summary judgment, relying on the written terms of the note and the inadmissibility of parol evidence to vary the terms thereof, was controverted by appellants, who raised the issue of fraud in the inducement to sign the note. The District Clerk of Calhoun County timely prepared the transcript and mailed it directly to the Clerk of this Court. The record which was due June 9, 1978, was mailed by the District Clerk on May 22,

1978, and received by our Clerk on May 24. Appellants' brief was due 30 days later, or June 23, 1978. Rule 414, T.R.C.P. The brief was tendered on July 7, 1978.

On June 26, 1978, appellants filed a motion for extension of time to file their brief, asking the date to be extended to July 7, 1978. Appellees' responded by opposing appellants' motion and also filing a motion to dismiss for want of prosecution. The verified motion to extend time stated that C. H. Duvall had not received notice from anyone that the transcript had been filed, and it was not until June 26 that he learned it had been filed on May 24. He also stated that he called the District Clerk of Calhoun County on June 7 to inquire about whether the transcript had been filed, and that he was left with the impression that it was being mailed or filed at about the date of the call.

In their opposition, appellees refute the statement concerning lack of notice and also attached an affidavit of the District Clerk stating she talked with Mr. Duvall on May 23 and again on June 14, but not on June 7. She stated that notice of mailing the transcript was sent on May 22 and oral notice was given during the May telephone conversation.

The challenge to the veracity of facts contained in the motion was similar to that in Cause No. 1419, and the court ordered Mr. Duvall to reply to this challenge at the same time as in the other case. He filed an answer August 14, 1978.

To his answer Mr. Duvall attached a copy of his long distance telephone charges for the pertinent time period at our request. It shows no calls to or from Calhoun County on June 7, but only on May 22 and June 14. He affirmed his position that he did not receive any written notice of the date of filing, although he does not dispute that such notices may have been sent by the District Clerk and the Clerk of this Court. He stated that the description in his original motion of a telephone call on June 7 was due to faulty memory, and the oral notice of mailing which occurred in a telephone conversation with the District Clerk must have occurred on June 14. He does not suggest it could have occurred in May.

The alleged failure to receive notice either by mail or telephone is the basis of his "good cause" for late tender of appellants' brief. The Clerk of this Court mailed a notice to Mr. Duvall on May 24 that the transcript had been filed, and the District Clerk, by affidavit, verified that she mailed written notice to all attorneys of record on May 22 and gave oral notice by telephone conversation to Mr. Duvall at approximately the same time. Appellees argue that Mr. Duvall's motion contains falsehoods regarding lack of notice, or, at the very least, reflects only a mistaken belief as to the due date for the brief.

The alleged telephone call on June 7 did not occur. Mr. Duvall's explanation that it must have occurred June 14 does not account for the fact that the transcript would have been overdue if it had actually been mailed or filed on that date, and yet he did not make further inquiry as to the status of the case at that time. We agree with the appellees that the statement of the District Clerk regarding notice given in the May telephone call, combined with the events following that call, require the conclusion by this Court that Mr. Duvall had timely notice of the filing of the transcript and that statements to the contrary are not credible.

The representations are offered by Mr. Duvall to explain why he was mistaken in his belief as to the due date of the brief. The allegations, whether they were intentional or negligent misrepresentations, show an effort to make the mistaken belief appear plausible. We find this to be insufficient.

To meet the standard of "good cause" in Rule 414, the appellant must show that failure to timely file the brief was prevented by some event beyond the immediate control of the litigant which was to some extent unforeseeable, and that appellees have not suffered material injury by late tender of appellant's brief. *Continental Oil Company v. Dobie*, 552 S.W.2d 183

(Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Andrews v. Twin Montana, Inc.,* 547 S.W.2d 54 (Tex.Civ.App.—Fort Worth 1977, no writ); *Davidson v. Butler,* 519 S.W.2d 511 (Tex.Civ.App.—Fort Worth 1975, no writ); Rule 415, T.R.C.P. Mistaken belief, alone, is not enough. In addition, appellants have made no attempt to discharge their burden of showing appellees have suffered no material injury by late tender of their brief. *Raney v. Mack,* 504 S.W.2d 527 (Tex.Civ.App.—Texarkana 1974, no writ); *Lueck v. Carter,* 466 S.W.2d 90 (Tex.Civ.App.—Fort Worth 1971, no writ); *Franke v. Franke,* 373 S.W.2d 891 (Tex.Civ. App.—Corpus Christi 1963, no writ).

Rule 414, T.R.C.P., gives Court of Civil Appeals discretion in evaluating "good cause" and determining whether to grant an extension of time to file a brief. In the exercise of this discretion, we decline to permit the brief tendered on July 7, 1978, to be filed.

■ Where appellant's brief is not filed, the scope of appellate review is limited to ascertaining whether the record before the Court shows fundamental error, or whether the record presents questions of law of importance to the public in general as distinguished from the parties to the appeal. *Andrews v. Twin Montana, Inc.,* supra; *Shepard v. Shepard,* 546 S.W.2d 888 (Tex. Civ.App.—Fort Worth 1977, no writ); *Hol-Main Corp. v. Dissen,* 531 S.W.2d 912 (Tex. Civ.App.—Corpus Christi 1975, no writ); *Franke v. Franke,* 373 S.W.2d 891 (Tex.Civ. App.—Corpus Christi 1963, no writ). We have carefully reviewed the transcript and do not find fundamental error or questions of law of concern to the public generally.

In an effort to evaluate possible harm to appellants due to the acts of their attorney, we have read, not only the record, but appellants' brief as well, which was received in this Court, though not filed, as hereinbefore stated. We are persuaded that the judgment rendered by the trial court is sound. Appellants' cause of action was based on an alleged oral agreement that the promissory note, which shows a duration of six months, would be automati-

cally extended for an additional six months. In reply to appellees' motion for summary judgment, appellants' affidavit attempted to show fraud in the inducement to sign the note. The elements of the affirmative defense of fraud were set out in *Oilwell Division, United States Steel Corp. v. Fryer,* 493 S.W.2d 487, 491 (Tex.Sup.1973). The affidavit contained allegations of fact concerning some elements of the proof necessary to establish fraud, but a mere conclusion regarding at least one vital element.

■ When an affirmative defense is raised in opposition to a motion for summary judgment, the burden is on the non-movant to come forward with summary judgment evidence sufficient to raise a fact issue with respect to each element of the affirmative defense. *Oram v. General American Oil Co. of Texas,* 513 S.W.2d 533 (Tex.Sup.1974); *Nichols v. Smith,* 507 S.W.2d 518 (Tex.Sup.1974). An absence of summary judgment evidence as to any one of the elements of fraud is fatal to the defense of fraud, which had been pled by appellants. See *Panhandle & Santa Fe Ry. Co. v. O'Neal,* 119 S.W.2d 1077 (Tex.Civ. App.—Eastland 1938, writ ref'd); *Wilson v. Jones,* 45 S.W.2d 572 (Tex.Comm'n App. 1932, holding approved). Facts, rather than legal conclusions, are essential. *Hidalgo Surety Savings and Loan Assoc.,* 487 S.W.2d 702 (Tex.Sup.1972); *Associates Discount Corp. v. Rattan Chevrolet, Inc.,* 462 S.W.2d 546 (Tex.Sup.1970).

Appellants' motion to extend time to file their brief in Cause Number 1379 is denied. Appellees' motion to dismiss for want of prosecution is granted.

Appeal dismissed.