**STERLING CONSTRUCTION COMPANY, INC., Appellant,**

**v.**

**WEST TEXAS EQUIPMENT COMPANY, INC., Appellee.**

**No. 9090.**

Court of Civil Appeals of Texas, Amarillo.

March 26, 1980.

Culton, Morgan, Britain & White, William H. Brian, Jr., Amarillo, for appellant.

Gibson, Ochsner & Adkins, Marvin W. Jones, Amarillo, for appellee.

COUNTISS, Justice.

This appeal from a judgment awarding appellee, West Texas Equipment Company, Inc., recovery against appellant, Sterling Construction Company, Inc.,[1] for uncollected sales tax and attorney's fees requires us to determine whether (1) Sterling raised a fact issue on its affirmative defense of fraud and (2) the evidence will support the award of attorney's fees to West Texas. We answer both questions in the negative, affirm in part and reverse and render in part.

West Texas is a lessor and seller of heavy duty equipment. Between 1973 and 1976, Sterling and West Texas entered into five transactions whereby Sterling ultimately purchased three pipe layers, a track-type tractor and a motor grader from West Texas. West Texas, holder of a Texas Limited Sales Tax Permit, did not collect the Texas sales tax on the transactions, believing it was not required to do so because the equipment was not to be used in Texas. The Comptroller of the State of Texas eventually ruled, however, that the transactions were subject to sales tax. West Texas then instituted this litigation to recover the sales tax, penalty, interest and attorney's fees from Sterling.

West Texas moved for summary judgment on the basis of the pleadings and depositions on file and the affidavits attached to its motion. Sterling's responsive affidavit admitted purchase of the equipment but stated, with reference to each purchase:

> At that time it was represented to me by agents or employees of WEST TEXAS EQUIPMENT COMPANY, INC., that the transaction would be exempt from the application of Texas Limited Sales and Use Tax, if the equipment was to be used outside the geographical limits of the

1. Appellant will be referred to as "Sterling" and appellee as "West Texas."

State of Texas. Such representations were relied upon in making the lease-purchase of said equipment.

The trial court granted partial summary judgment in the sum of $7,941.85, plus 9 percent interest from the date of judgment for the primary claim. It then heard evidence on the question of attorney's fees. At the conclusion of the hearing the court stated: "I'm going to deny your attorney's fees." When the judgment was signed, however, it included an award to West Texas of $2,647.00 for attorney's fees.

Sterling brings three points of error to this court. The gravamen of the first point is that West Texas failed to show it was entitled to judgment as a matter of law, because Sterling raised a fact question as to its affirmative defense of fraud.[2] The latter points state there is no, or insufficient, evidence West Texas presented its claim to Sterling in the manner required by the applicable attorney's fees statute, Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon Supp. 1980).[3] We will discuss the points in the order stated.

When the Comptroller determined that an out-of-state sale exemption did not apply to the sales in question, West Texas was required to add the sales tax to the sales price and collect the tax. When added, the tax "shall constitute a part of the price, shall be a debt of the purchaser to the retailer until paid, and shall be recoverable at law in the same manner as the purchase price." Tex.Tax.-Gen.Ann. art. 20.021 (Vernon Supp.1980). When a retailer fails to charge the tax at the time of the sale, it can thereafter sue to recover the tax and also seek attorney's fees under article 2226. *Reaves & Becker Company v. Wilkes Company*, 392 S.W.2d 379, 380–81 (Tex.Civ.App.—Austin 1965, writ dism'd).

Sterling does not question the existence of West Texas' cause of action or the propriety of the summary judgment evidence presented to support its primary claim. Instead, Sterling contends it raised a fact question on its affirmative defense of fraud. The affidavit upon which Sterling relies is, however, insufficient to raise the elements of the fraud defense.

As the non-movant on the motion for summary judgment, Sterling was required to file a written response to the motion for summary judgment in order to raise, and pursue on appeal, its affirmative defense of fraud. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979). When raising an affirmative defense in response to a motion for summary judgment, as stated in *Manges v. First State Bank & Trust Co.*, 572 S.W.2d 104, 109 (Tex.Civ.App.—Corpus Christi 1978, no writ).

> the burden is on the non-movant to come forward with summary judgment evidence sufficient to raise a fact issue with respect to each element of the affirmative defense. . . . An absence of summary judgment evidence as to any one of the elements of fraud is fatal to the defense of fraud, which had been pled by appellants. . . . Facts, rather than legal conclusions, are essential.

The elements of fraudulent representation, the particular species of fraud advanced by Sterling in this case, are as follows: (1) a material representation was made; (2) it was false; (3) when made the speaker knew it was false or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made it with the intention it would be acted upon by the party; (5) the party acted in reliance upon it; and (6) the party thereby suffered injury. Each of the foregoing elements is essential, and the absence of one will defeat the affirmative defense. *Oilwell Division, United States Steel Corp. v. Fryer*, 493 S.W.2d 487, 491 (Tex.1973).

When the foregoing principles are applied to this case, it is apparent Sterling

2. Sterling also argued in its brief that the statute of limitations barred West Texas' claim. That point was waived by Sterling's counsel at oral argument.

3. Hereafter referred to as article 2226.

did not establish a factual dispute relative to its affirmative defense. Initially, we observe that the critical language in the affidavit, quoted above, consists primarily of ultimate conclusions instead of admissible facts. These conclusions have no probative value and, thus, do not create a fact issue. *Straughan v. Houston Citizens Bank & Trust*, 580 S.W.2d 29, 32 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Assuming, arguendo, the affidavit is sufficient to raise fact questions on a representation made and relied upon, there is still no summary judgment proof that the representation was material, made recklessly or with knowledge of its falsity or made with the intention it should be acted upon by Sterling. Therefore, Sterling has failed to come forward with summary judgment proof sufficient to raise a fact issue on each element of its defense.

We agree with the principles stated in the cases cited by Sterling in support of its contention. In those cases, however, the affidavit in question was found by the court to contain the information necessary to establish a fact question. *See, e. g., Hidalgo v. Surety Savings and Loan Association*, 502 S.W.2d 220, 223 (Tex.Civ.App.—El Paso 1973, no writ); *Farnsworth v. Dolch*, 488 S.W.2d 531, 533 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.). We have determined that Sterling's affidavit does not contain the required information. The first point of error is overruled.

█ By its second point of error, Sterling attacks the award of attorney's fees, contending there is no evidence that West Texas presented the sales tax claim to Sterling in the manner required by article 2226.[4] The "no evidence" point presents a question of law that requires this court to consider only the evidence and inferences tending to support the award of attorney's fees and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

As stated above, article 2226 is the statutory authority upon which West Texas must rely if it is to recover attorney's fees in this case. *Reaves & Becker Company v. Wilkes Company, supra*, at 381. As pertinent here, article 2226 states:

> Any . . . corporation . . . having a valid claim against a . . . corporation for . . . material furnished . . . or suits founded upon a sworn account or accounts, or suits founded on oral or written contracts, may present the same to such . . . corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

█ After plaintiff has established a claim within the class enumerated by article 2226, the quoted portion of the statute requires a plaintiff to establish by a preponderance of the evidence, *inter alia*, that: (1) the claim was presented to the entity owing it and (2) the just amount owing on the claim was not tendered within 30 days after presentment. Failure to establish both elements requires denial of an award for attorney's fees. *See W. G. Tufts and Son v. Herider Farms, Inc.*, 485 S.W.2d 300, 303 (Tex.Civ.App.—Tyler 1922, writ ref'd n. r. e.). With reference to the first element, filing of suit is not presentment of the claim within the meaning of the statute, but presentment may be made after suit is filed, so long as it is at least 30 days before trial. *El Paso Mld. & Mfg. Co., Inc. v. Southwest For. Ind., Inc.*, 492 S.W.2d 331, 334 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.).

█ In this case, the court granted summary judgment on the claim and then heard evidence concerning attorney's fees. The only evidence presented by West Texas was

4. Sterling quotes the trial court's open-court statement denying attorney's fees but does not contend the statement was an official decision in open court that constituted rendition of judgment denying attorney's fees. Therefore, we do not pursue that issue. *See Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953).

testimony by its counsel establishing the nature and reasonableness of the fee arrangement with West Texas. There was no evidence that the claim was presented to Sterling and no evidence Sterling failed to tender the just amount owing within 30 days after presentment. The award of attorney's fees, therefore, is without support in the evidence and must be eliminated from the judgment. Sterling's second point of error is sustained. Our disposition of the second point of error renders the third point immaterial.

The portion of the judgment awarding West Texas $7,941.85 plus interest is affirmed. The portion of the judgment awarding West Texas $2,647.00 as attorney's fees is reversed and judgment rendered that West Texas take nothing on its claim for attorney's fees.