**MONTGOMERY WARD & COMPANY, INC., Appellant,**

v.

**Douglas T. DALTON and Ercel O. Dalton, Appellees.**

**No. 7010.**

Court of Civil Appeals of Texas, El Paso.

July 30, 1980.

Robert E. Kennedy, El Paso, for appellant.

Michael C. Crowley, El Paso, for appellees.

OPINION ON MOTION TO DISMISS

PER CURIAM.

The Appellant filed the record in this case on June 6, 1980. Appellant's brief was due on July 6, 1980 which was a Sunday and gave Appellant until the following day to file its brief. Rules 4 and 414, Tex.R.Civ.P.

On July 2, 1980 Appellant filed a Motion for Extension of Time to File Brief, requesting an additional thirty days for the filing of its brief. The motion, which is not sworn to, states:

That the attorney for the Appellant has had other pressing commitments which have required immediate attention and as a result thereof time which the attorney has allocated for the preparation of the brief in this cause was, of necessity, consumed by other matters.

The Appellees have filed a Motion to Dismiss Appeal and a Brief in support thereof. The Appellant has made no reply.

Rule 414, Tex.R.Civ.P. provides that "upon good cause shown, the Court of Civil Appeals may grant either or both parties further time for filing their respective briefs, and extend the time for submission of the case." This case has not been set for submission and the granting of the extension would not delay its submission. Rule 415, Tex.R.Civ.P. permits the Court to dismiss the appeal where the Appellant's brief is not timely filed unless good cause is shown for such failure and Appellee has not suffered material injury.

■ For facts to be established in support of a Motion for Extension of Time on an appeal either an affidavit or some other legitimate form of evidence that can be considered by an Appellate Court must be filed. *Hutcherson v. Hinson*, 543 S.W.2d 719 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). In this case we have a signed motion which is not sworn to and no other evidence is presented.

■ To establish "good cause" for an extension of time to file a brief, an Appellant must show that failure to timely file the brief was prevented by some event beyond the immediate control of the litigant which was to some extent unforseeable, and that Appellees have not suffered material injury by the late tender of Appellant's brief. *Manges v. First State Bank & Trust Co.*, 572 S.W.2d 104 (Tex.Civ.App.—Corpus Christi 1978, no writ). Most reasons or excuses which have been offered as a basis

for "good cause" have been rejected. See: *Manges v. Pool Company*, 581 S.W.2d 540 (Tex.Civ.App.—Dallas 1979, no writ); *Continental Oil Company v. Dobie*, 552 S.W.2d 183 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Andrews v. Twin Montana, Inc.*, 547 S.W.2d 54 (Tex.Civ.App.—Fort Worth 1977, no writ); *Lee v. Owen*, 404 S.W.2d 84 (Tex.Civ.App.—San Antonio 1966, no writ). In one recent case the excuse was accepted on Motion for Rehearing. *Johnston Sales Company v. Lizana*, 508 S.W.2d 693 (Tex.Civ.App.—San Antonio 1974, no writ).

■ But, these cases make it clear that the fact that counsel is busy, and perhaps overworked is not "good cause." This Court has granted many motions for extension of time to file briefs which probably did not, in fact, show good cause, but which were not contested and were filed in cases where submission would not be delayed by the granting of the motion. In this case the motion is contested and quite clearly the motion is defective because it is not sworn to and it is deficient because it does not show good cause.

■ Nevertheless, we conclude that since the case is not set for submission, the Appellee will not be materially injured by permitting the Appellant to file a late brief. *Texaco, Inc. v. Joffrion*, 363 S.W.2d 827 (Tex.Civ.App.—Texarkana 1962, writ ref'd n.r.e.). The motion to dismiss is denied conditioned upon the Appellant filing its brief in this Court on or before August 11, 1980, and if the brief is not filed by that date, the motion to dismiss will be granted.

Hopefully the publication of this opinion will alert all attorneys to the problem of waiting until near the time an Appellant's brief is due and then filing a defective or deficient motion for extension of time to file a brief. In every such case the possibility exists that the motion may be denied and the case may then be dismissed. We implore counsel to follow the recommendations appearing in Appellate Procedure in Texas, 2d ed., sec. 15.5 (1979) when it appears that it will not be possible to meet a briefing deadline.

The Motion to Dismiss is conditionally denied.