Ray B. DINGMAN et al., Appellants,

v.

COMMERCIAL INSURANCE COMPANY
et al., Appellees.

No. 6917.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 29, 1960.

Rehearing Denied April 4, 1960.

Stone & Stone, Amarillo, for appellants.

D. H. Massie, Borger, Monning & Monning, Amarillo, for appellees.

DENTON, Justice.

This is an appeal from an order granting a summary judgment which had the effect of denying appellants' petition for a bill of review to set aside a judgment previously rendered against appellants in favor of appellees. The previous judgment sought to be set aside was entered against appellants on February 17, 1958, and had become final before the filing of the bill of review in the instant case. The trial court found the appellants raised no fact issue which would entitle them to have the bill of review heard on its merits.

The original suit was filed by the appellees on November 14, 1953, against appellants for damages caused to some 400 automobiles as a result of aluminum paint spray blown onto the automobiles in the process of painting an industrial plant in Borger. The appellees became the owners of the causes of action by assignments from the individual automobile owners. The appel-

lants timely filed an answer and various exceptions to the petition. The record shows no action was taken by either party for many months, and because of an apparent misunderstanding, appellants' attorneys of record were allowed to withdraw from the case on June 23, 1956. All parties involved, including appellants, were given notice of this withdrawal. The record reveals no other attorneys ever appeared for the appellants until after the original judgment was entered, and the present petition for a bill of review filed. On September 10, 1956, appellees' attorney notified the appellants directly by certified mail that the case had been set for trial for November 15, 1956. However, the case was not called for trial at that time and no action was taken by the trial court. The record and the trial court's docket sheet reveal no other action, setting or hearings held until the original judgment, sought to be set aside here, was taken against the appellants on February 17, 1958. There is no order or docket sheet entry to indicate that the case had been set for a hearing prior to the February 17th hearing and entry of judgment. There is evidence by a deposition of one Joe A. Moore, an Oklahoma attorney who advised appellants from time to time pertaining to the status of this case, that appellants learned of the entry of the judgment referred to above on or about March 27, 1958. Appellants' bill of review was filed September 8, 1958. As we read the record including the affidavit of one of appellees' attorneys, it is undisputed that appellants did not receive notice of the hearing prior to the entry of the original judgment in February of 1958.

The sole question before this court is whether or not the trial court erred in granting the summary judgment. We are not concerned here with whether or not appellants should be granted a bill of review as prayed for in its original petition in the trial court below.

On a hearing on a motion for summary judgment, the court considers affidavits and other evidence before it not for the purpose of trying fact issues, but only for the purpose of determining whether or not there is a genuine and material fact issue to be determined. Borrego v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 302 S.W.2d 673; Fricke v. Wagner, Tex. Civ.App., 315 S.W.2d 584; Allen v. F. W. Woolworth Co., Tex.Civ.App., 315 S.W.2d 612.

It is also a well-settled rule that on a motion for summary judgment the movant has the burden of establishing that he was entitled to judgment as a matter of law and all doubts must be resolved against him. Franklin Life Ins. Co. v. Rogers, Tex.Civ.App., 316 S.W.2d 116; Boucher v. Texas Turnpike Authority, Tex. Civ.App., 317 S.W.2d 594; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. We therefore must review the case in the light of the above well-settled rules concerning the granting of summary judgments.

The crux of the appellees' motion for summary judgment is that appellants were not entitled to a bill of review as a matter of law, asserting appellants failed to exhaust their legal remedies by a motion for a new trial or appeal from the original judgment; appellants failed to exercise diligence in conducting their defense; and the negligence of appellants or their attorneys in conducting their defense. To support their position, appellees cite many cases including Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Winn v. Houston Building & Loan Ass'n, Tex.Civ.App., 45 S.W.2d 631 (writ refused); Petty v. Mitchell, Tex.Civ.App., 187 S.W.2d 138 (writ refused). We agree that these cases along with others cited by appellees correctly state the law as they pertain to bills of review, but those cases were ones which were tried on their merits to determine whether or not a bill of review should be granted. However, in the case before us a summary judgment was granted. We are therefore of the opinion the

cases cited dealing with the requirements of a bill of review are not controlling here.

After reviewing the pleadings, affidavits and depositions in this record, we are of the opinion that material fact issues were raised. The appellants alleged and offered the affidavit of Joe A. Moore that an agreement had been made between the parties that no further action in the case would be taken without notifying appellants. Appellants further allege no notice was given prior to the hearing which resulted in the entry of the original judgment; and appellants allege a meritorious defense. We are of the opinion the appellees did not controvert these allegations. We think it is clear that the pleadings, affidavits and deposition reveal fact issues which must be determined by the trier of the facts.

The judgment of the trial court is therefore reversed and remanded for a hearing on the merits.

Reversed and remanded.