The **TEXAS STATE BOARD OF REGIS-
TRATION FOR PROFESSIONAL
ENGINEERS, Appellant,**

v.

**Homer TRIMBLE, Appellee.**

No. 5603.

Court of Civil Appeals of Texas.

El Paso.

March 6, 1963.

Rehearing Denied April 3, 1963.

Joe B. McMaster, Georgetown, Will Wilson, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for appellant.

John R. Lee, Kermit, T. H. Neel, Monahans, Ziesenheim & Sutton, El Paso, for appellee.

FRASER, Justice.

This is an appeal from a summary judgment granted against appellant, Texas State Board of Registration for Professional Engineers, hereinafter called "Engineers'

Board". The Engineers' Board, after due notice was given to appellee, Homer Trimble, held a hearing in Austin, Texas, which resulted in the revocation of Homer Trimble's engineering license. This order was appealed to the 109th Judicial District Court of Winkler County, Texas, which subsequently entered the summary judgment against appellant. Appellant duly perfected its appeal.

As appears above this is a summary judgment case, and appellant maintains there was not sufficient evidence to warrant the court's reversing the action of the Board of Engineers, and further, that a fact question was produced making the rendition of a summary judgment improper. In his petition the plaintiff maintained that he was not given an opportunity to properly defend himself before the Board, and that there was insufficient evidence to warrant the Board in revoking his license. The Attorney General for the State of Texas, replying on behalf of the Board, alleged that the Board acted in accordance with legal and regular procedure in every way, and that its order of revocation was based on sworn affidavits of the Mayor and a City Councilman of the City of Kermit. The answer further alleged that plaintiff-appellee had attempted to bribe members of the City Council of Kermit so that they would award him certain engineering contracts to be let by the said City. In addition to these pleadings there was an affidavit submitted by plaintiff in support of his motion for summary judgment. This affidavit asserts that the affiant, Robert Ziesenheim, an attorney, was present and in attendance at the hearing held by the Texas State Board of Registration for Professional Engineers; that Homer Trimble, the plaintiff, was not personally present during the hearing, and that there was no evidence presented to show that the Homer Trimble whose license was under attack was the same person alleged to have been guilty of misconduct in the practice of engineering because of acts committed in the vicinity of Kermit, Winkler County, Texas.

■ It is immediately obvious that the evidence or material presented in the affidavit was not alleged in plaintiff's petition, and that plaintiff, therefore, was attempting to raise an affirmative defense for the first time in a summary judgment proceeding. This, we think, is improper, and appellant's Point No. 2 thereunto appertaining is accordingly sustained. Freeberg v. Securities Inv. Co. of St. Louis, Tex.Civ.App., 331 S.W.2d 825; Dingman v. Commercial Insurance Co., Tex.Civ.App., 333 S.W.2d 706.

■ It has been definitely held and established that the movant in a summary judgment proceeding must present sufficient evidence to warrant the trial court in granting such judgment. Freeberg v. Securities Investment Co. of St. Louis (supra). Here we do not think this was done, as we have no statement of facts to go on, and the only evidence presented to the trial court that we can pass on consists of the two pleadings and the affidavit mentioned hereinabove. It does appear from the transcript, by affidavit attached to motion for new trial, that appellant tendered some character of affidavit, but that the district clerk refused to file same and the trial judge refused to accept it or permit the clerk to accept or file same. There is no evidence in the transcript, or elsewhere, as to why the appellant's controverting affidavit was not accepted by the clerk or the judge. We do not think that there was enough evidence presented by either party to warrant the trial court in taking any action whatsoever. The Board of Engineers is a regularly constituted body sitting in Austin, and we do not believe that there was sufficient evidence presented to the district court to warrant its action in overturning the Board's decision, especially in a summary judgment proceeding. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

■ It has also been held that where evidence extrinsic to affiant's statements is relied upon, it must be exhibited in full with the affidavit. There is no evidence

here whatever, other than the affidavit itself—and certainly no extrinsic evidence—to support or sustain appellee's affidavit that there was no evidence presented to the Board to the effect that the Homer Trimble whose license they were considering was the same person alleged to have been guilty of misconduct at or near Kermit, Texas. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Section 17.26, Summary Judgment, article B II, p. 1387, Vol. 4 McDonald, Texas Civil Practice.

■ Lastly, it is apparent that if—in any case or under any conditions—the affidavit of the plaintiff-appellee (which merely states that affiant was present and that no evidence was presented to prove that the Homer Trimble alleged to have been guilty of misconduct in Kermit, Texas was the same person whose license was under attack at the meeting of the Board, and does not speak further—in other words, does not deny the presentation of evidence of misconduct, etc.) could be considered or held to be sufficient to warrant the consideration of the summary judgment, then such affidavit, in our opinion, merely creates a question of fact. In other words, given its fullest effect before the trial court, this affidavit raises the question of the identity of the man, Homer Trimble. This is a fact question. If the affidavit is inadequate, then there is no evidence other than the pleadings before the trial court.

■ If the affidavit be sufficient, it defeats a summary judgment because it raises a fact question. If it be not sufficient, or not properly before the court by virtue of the matters set forth above, such as speaking about extrinsic matters not within the pleadings, then there was insufficient evidence before the court to render a summary judgment, as pleadings alone are not enough. Box v. Bates, supra.

We do not cite further authorities or statutes because this matter has been so thoroughly discussed and adjudicated that we think it unnecessary to burden this opinion with additional authorities.

For the reasons set forth above, appellant's first two points are in all things sustained. This renders it unnecessary to discuss appellant's third point.

The judgment of the trial court is accordingly reversed and the cause remanded.