**TEXAS STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS, Appellant,**

v.

**Homer TRIMBLE, Appellee.**

**No. 5674.**

Court of Civil Appeals of Texas.

El Paso.

June 10, 1964.

Rehearing Denied Aug. 26, 1964.

**332**

See also 366 S.W.2d 124.

Waggoner Carr, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for appellant.

John R. Lee, Kermit, Robert Ziesenheim, El Paso, for appellee.

PRESLAR, Justice.

Texas State Board of Registration for Professional Engineers revoked the license of Homer Trimble to practice engineering in the State of Texas, and he appealed to the district court which, after trial by jury, entered judgment nullifying the Board's action. From such judgment the Board brings this appeal based on allegations of four points of error.

The appellant's first point of error is that the district court erred in submitting the case to a jury and by trying the case under the preponderance of the evidence rule. We sustain this point of error, for on an appeal from a ruling of an administrative agency, such as this

one, it is the established law that the sole question is one of law for the court's determination. The substantial evidence rule governs the trial of a suit of this nature. Evidence is heard anew and the reasonableness of the agency's action is independently adjudged by the court on the basis of evidence admitted in the judicial proceeding. Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619 (S.Ct., 1958). The question of whether the action of the agency is supported by substantial evidence must be determined by the court from a consideration of the entire record in the case, as that record has been made in the trial court. The test is not whether the evidence admitted in court preponderates against the administrative decision, nor yet whether there is merely some evidence to support the decision. The test is whether the administrative decision finds reasonable support in substantial evidence. Board of Firemen's Relief & Retirement F. Tr. v. Marks, 150 Tex. 432, 242 S.W.2d 181 (S.Ct., 1951); Texas Co. v. Texas Employment Commission, Tex.Civ. App., 261 S.W.2d 178 (Ref., N.R.E.).

> "The party aggrieved by the administrative decision is not entitled to a trial de novo in court but must assume the burden of satisfying the courts that the administrative decision is illegal, arbitrary, or capricious; that is, that it is not reasonably supported by substantial evidence." (Board of Firemen's Relief & Retirement F. Tr. v. Marks, supra).

See also Texas State Board of Medical Examiners v. Scott, 377 S.W.2d 104 (Aus. Civ.App., Feb. 1964), where the cause was reversed and remanded for new trial because the trial court had submitted it to a jury under the preponderance of the evidence rule.

■ The action to revoke appellee's engineering license was brought by appellant on allegations that appellee attempted to bribe the mayor and an alderman of the city of Kermit to obtain contracts with that city. Affidavits of the mayor and alderman were before the Board in its hearing, and on the trial before the court appellant called both the mayor and alderman as witnesses and offered their testimony as to the facts of the bribe alleged. The court refused this testimony on the grounds that these witnesses had not appeared and testified in person before the Board at its hearing; that the question before the court was the reasonableness of the action of the Board based on the evidence before such Board; and the now oral testimony of the two witnesses would be immaterial and irrelevant to the question before the court.

■■ From what has been said above, that the court must make its determination from the evidence before it, it follows that the proffered evidence of the two witnesses should have been admitted, unless otherwise objectionable. In protecting the rights of the parties the court does not act on the basis of the record before the agency, but on the record made in the court. On another trial of this cause the testimony of the mayor and alderman should be admitted, unless subject to valid objection for other cause.

We do not find it necessary to pass on appellant's other points of error, and in view of the fact that the case was tried before a jury when it should have been before the court, and the fact that the court was under the wrong impression as to the rule of evidence, this court is of the opinion that the case should be remanded for a new trial.

The judgment of the trial court is reversed and the cause remanded.