Homer TRIMBLE, Petitioner,

v.

TEXAS STATE BOARD OF REGISTRA-
TION FOR PROFESSIONAL EN-
GINEERS, Respondent.

No. A–10383.

Supreme Court of Texas.

Feb. 17, 1965.

Robert Ziesenheim, El Paso, Hill D. Hudson, Pecos, John R. Lee, Kermit, for petitioner.

Waggoner Carr, Atty. Gen., Austin, Pat Bailey, Asst. Atty. Gen., for respondent.

PER CURIAM.

The Court of Civil Appeals did not discuss petitioner's complaint that he had not been afforded procedural due process of law in the proceeding leading to the revocation of his license.

We have carefully read the Statement of Facts, and have concluded that the evidence does not raise the issue. The testimony of petitioner and of his counsel is that petitioner did receive a letter from the secretary of respondent Board, advising petitioner of the charges against him and setting a date for a hearing on these charges. Petitioner testified that attached to this letter were the copies of the affidavits of the two witnesses on which the charges were based.

The evidence further shows that petitioner and his attorney appeared before respondent Board on the date set for a hearing and served the members and officers of the Board with an injunction restraining them from proceeding with the hearing.

Some thirty to forty-five days later, and after the injunction had been dissolved, a new date for hearing was set, and petitioner and his attorney appeared before the respondent Board at that hearing and introduced such witnesses and evidence as they desired.

Therefore, this record shows conclusively that petitioner was afforded due process in all orders and steps taken by the Board and the trial court. Northwestern Bell Telephone Co. v. Nebraska State Railway Commission, 297 U.S. 471, 56 S.Ct. 536, 80 L.Ed. 810.

Motion for rehearing is overruled.