**Homer TRIMBLE, Appellant,**

v.

**TEXAS STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS, Appellee.**

**No. 6252.**

Court of Civil Appeals of Texas, El Paso.

June 21, 1972.

Rehearing Denied Aug. 2, 1972.

Lee & Williamson, John R. Lee, Kermit. for appellant.

Crawford Martin, Atty. Gen., Sam J. Jones, Asst. Atty. Gen., Austin, Shafer, Gilliland, Davis, Bunton & McCollum, W. O. Shafer, Odessa, for appellee.

## OPINION

RAMSEY, Chief Justice.

Homer Trimble instituted this action in the District Court for the purpose of setting aside an order of the Texas State Board of Registration for Professional Engineers, whereby the Board entered its order revoking the license of Trimble. Trial was before the Court and, from the judgment entered by the trial Court, both parties have appealed. We modify and reform the judgment of the Court below, and, as so modified and reformed, the judgment is affirmed.

This is the third time this case has been appealed to this Court. Since the facts giving rise to the litigation have appeared in other published opinions, reference will be made to the citations without repeating the facts. 366 S.W.2d 124 and 388 S.W.2d 331; 387 S.W.2d 876 (per curiam opinion, Supreme Court of Texas); 382 U.S. 817, 86 S.Ct. 39, 15 L.Ed.2d 64 (cert. denied).

The judgment entered by the trial Court recited that upon motion of the Board the case was removed from the jury docket and tried under the substantial evidence rule. The Court, after hearing the evidence, made the following findings of fact and conclusions of law:

"1. The defendant failed to make a formal order setting the charges upon which the revocation of the plaintiff's Professional Engineering License was revoked and specifying a time and place for a hearing thereon.

2. The defendant failed to cause a copy of such formal order, if any, setting the charges upon which plaintiff's Professional Engineering License was revoked at least thirty days before the date appointed in said formal order, if any, for such hearing, to be served upon the plaintiff.

3. The defendant failed to give plaintiff a full and open hearing on the charges, if any, upon which the revocation of plaintiff's Professional Engineering License was based.

4. The order of the defendant made and entered on November 7, 1961 was arbitrary, unreasonable and capricious.

5. The order, entered by defendant Board on November 7, 1961, was an abuse of discretion by the defendant.

6. There is reasonable support in substantial evidence to support the order of the Texas State Board of Registration for Professional Engineers entered on the 7th day of November, 1961 revoking and cancelling the license of plaintiff."

Thereupon, the Court concluded that the action previously taken by the Board on November 7, 1961, revoking Trimble's license was supported by substantial evidence and was sustained. Trimble excepted to the finding numbered 6 and to the ruling of the Court sustaining the revocation. The Board excepted to the Court's findings numbered 1 through 5 inclusive.

■ In a prior appeal in this cause, reported in 388 S.W.2d 331, the Board appealed the judgment of the lower Court complaining of error in that the cause was tried to a jury under the preponderance of the evidence rule rather than the substantial evidence rule. This Court, in an opinion by Judge Preslar, reversed the judgment of the trial Court and remanded the cause with instructions that the testimony of two witnesses should be admitted unless the testimony was objectionable for some other cause. On Trimble's application for writ of error, the Supreme Court affirmed, and in a per curiam opinion on rehearing, reported in 387 S.W.2d 876, stated as follows:

"The Court of Civil Appeals did not discuss petitioner's complaint that he had not been afforded procedural due process of law in the proceeding leading to the revocation of his license.

"We have carefully read the Statement of Facts, and have concluded that the evidence does not raise the issue. * * *

"Therefore, this record shows conclusively that petitioner was afforded due process in all orders and steps taken by the Board and the trial court. Northwestern Bell Telephone Co. v. Nebraska State Railway Commission, 297 U.S. 471, 56 S.Ct. 536, 80 L.Ed. 810."

Writ of certiorari was denied by the U. S. Supreme Court, 382 U.S. 817, 86 S.Ct. 39, 15 L.Ed.2d 64. The testimony and evidence in this appeal is the same and identical as previously reviewed on appeal, except that the testimony of the two city officials was admitted in evidence rather than by bill of exception. We conclude that the law of the case has been established as to all matters pertaining to procedural due process of law and that such conclusions are binding on this Court and the trial Court and must govern all subsequent proceedings. Frankland v. Cassaday, 62 Tex. 418 (1884); Stare Decisis and Law of the Case, 21 T.L.R. 514. The only matter remaining for the trial Court's determination would be whether or not the action of the Board found reasonable support in substantial evidence. The trial Court findings numbered 1, 2, 3, 4 and 5 are procedural due process findings which are contrary to the Supreme Court decision and therefore must yield to the law of the case.

Trimble, as appellant, assigns seventeen points of error. The first thirteen of these points complain of a denial of due process. Points numbered one, two and three complain that Trimble was denied a jury determination of the jurisdictional facts and in support of this contention, Trimble cites: Coleman v. Railroad Commission of Texas, 445 S.W.2d 790 (CCA—Texarkana 1969), 460 S.W.2d 404 (Sup.Ct. 1970); and Rock Island Independent School District No. 907 v. County Board of School Trustees of Colorado County, Texas, 423 S.W.2d 665 (CCA—Houston 1968, ref. n. r. e.). It is not necessary for this Court to pass on these points in view of the opinion of the Supreme Court above, cited in 387 S.W.2d 876, holding that Trimble was not denied

due process and such issue was not raised by the evidence. This same disposition must be made as to all other points involving due process and under the law of the case. Trimble's first thirteen points of error are overruled.

■■ Trimble's points fourteen, fifteen and sixteen complain that Art. 327la, Sec. 22, Vernon's Ann.Civ.St., is unconstitutional in that it is an unlawful delegation of power to an administrative agency providing for revocation of license based upon the substantial evidence rule without full judicial review by trial de novo and without providing for supersedeas or stay pending review. This Court in a prior appeal has already determined that the review from the order of the Board is to be governed under the substantial evidence rule. Texas State Board of Registration for Professional Engineers v. Trimble, Tex. Civ.App., 388 S.W.2d 331; Tex.Civ.App., 387 S.W.2d 876. The Supreme Court has approved legislative enactment providing appeal to be governed by the substantial evidence rule. Korndorffer v. Texas State Board of Medical Examiners, 460 S.W.2d 879 (Sup.Ct. 1970). The legislature may specify the nature of review within constitutional limitations. Gerst et al. v. Nixon et al., 411 S.W.2d 350 (Sup.Ct. 1967). The State may properly delegate to a board or agency the power to grant, refuse, revoke or cancel licenses. Francisco v. Board of Dental Examiners et al., Tex.Civ.App., 149 S.W.2d 619 (writ refused). Also, the legislature may delegate and an administrative agency may perform quasi-judicial functions. 29 Tex.Law.Rev. 213; Carr v. Stringer, Tex.Civ.App., 171 S.W.2d 920 (writ refused). An appeal from an administrative order under the substantial evidence rule satisfies the requirements of due process. Brazosport Savings and Loan Association, et al. v. American Savings and Loan Association et al., 161 Tex. 543, 342 S.W.2d 747 (1961); Martinez v. Texas State Board of Medical Examiners, Tex.Civ.App., 476 S.W.2d 400 (Ref. n. r. e.). Trimble further asserts that the fail-ure of the statutory provision for revocation of his license to provide for supersedeas or stay of the effect of the order under the statute unconstitutional, citing Francisco v. Board of Dental Examiners et al., supra. The brief filed by the Board contains the unchallenged statement that as far as is known to the Board Trimble is still practicing his profession. There is no showing in the record that Trimble has been denied the right to practice during the pendency of these proceedings which commenced in 1961. The Courts of this State have consistently restrained the enforcement of administrative orders pending trial and appeal. Railroad Commission et al. v. Shell Oil Co., Inc., et al., 146 Tex. 286, 206 S.W.2d 235 (1947); Transport Co. of Texas et al. v. Robertson Transport, Inc. et al., 152 Tex. 551, 261 S.W.2d 549 (1953); Bloom v. Texas State Board of Pharmacy, 390 S.W.2d 252 (Sup.Ct. 1965). The record does not disclose that any injunctive relief was necessary, sought or denied. We conclude that Art. 3271a, Sec. 22, V.A.T.C.S., is constitutional and overrule points of error numbered fourteen, fifteen and sixteen.

■ Trimble's seventeenth point of error complains of the trial Court's finding that the order of the Board was supported by substantial evidence. The testimony heard at the time of trial relating to an alleged bribe offer consisted of the testimony of the Mayor and a City Councilman of the City of Kermit. Their testimony was unequivocal that Trimble, in April, 1961, offered them $15,000.00 in cash if they would obtain an engineering contract for him with the City of Kermit relating to contemplated plan projects and city improvements. Trimble testified that the first he knew of any alleged offer of a bribe was on June 16, 1961, when a Deputy Sheriff in Austin served him with an indictment. We conclude that the Board's order is supported by substantial evidence. Board of Firemen's Relief & Retirement Fund Trustees of Houston Texas v. Marks, 150 Tex. 433, 242 S.W.2d 181

(Sup.Ct. 1951). The seventeenth point of error is overruled.

Under the provisions of Rule 435, Texas Rules of Civil Procedure, it becomes incumbent upon this Court to enter the judgment as should have been entered by the trial Court and to do so requires that the judgment be modified and reformed to comply with the law of the case whereby findings and conclusions numbered 1, 2, 3, 4 and 5 be deleted and such judgment, as modified and reformed, is hereby affirmed.