**Bill BATIS, dba Batis Auto Sales, Appellant,**

v.

**TAYLOR MADE FATS, INC., dba TMF, Inc., Appellee.**

No. 18537.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1981.

Rehearing Denied Jan. 21, 1982.

Vincent G. Sprinkle, Fort Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Greg S. Hargrove, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is an appeal from summary judgment awarded the plaintiff in suit on a note.

The trial court was persuaded that the summary judgment evidence demonstrated the absence of any genuine issue of fact as to any essential element of the cause of action.

The judgment finds that there is no genuine issue of material fact, that the claim is liquidated and founded upon an instrument in writing, and that the appellee is entitled to judgment as a matter of law.

We affirm.

The note is dated May 21, 1979. In it the appellant promises to pay appellee the principal sum of $18,200.00 with interest from date to maturity at the rate of 10% per annum.

The note was created when both parties signed a document declaring their prior agreement null and void.

After appellant's original answer, appellee filed a motion for summary judgment, supported by the affidavit of E. H. Brooks.

The affidavit properly qualifies and establishes Mr. Brooks as the custodian of appellee's business records, including the note on which suit is based. Art. 3737e, Tex.Rev.Civ.Stat.Ann.

The affidavit also establishes $16,435.74, the amount sued for, as the unpaid principal balance of the note.

In his amended and verified answer, appellant alleges, as an affirmative defense, that the promissory note is tainted with usury, because it is a "restatement" of his obligation to pay the appellee under a "prior usurious agreement" between them.

Included in appellant's responses to appellee's summary judgment motion is the affidavit of Robert E. Campbell, accountant, summarizing the computations by which he concluded that certain charges paid by appellant to appellee under their prior agreement exceeded 10% per annum.

Appellant also filed his own affidavit in which he makes the following statement:

"The principle (sic) amount of the note that is the subject of this lawsuit is the balance of the amount I owed plaintiff under the [prior agreement]. Said note is an unsecured extension of time for me to pay the amount owed under the [prior agreement] and a modification of the terms by which I am to repay said amount."

Appellee responded with a second affidavit by E. H. Brooks which again qualifies and establishes him as custodian of appellee's business records, complying with art. 3737e. Mr. Brooks therein states his personal knowledge as well as the content of appellee's business records of the prior contract which appellant alleges was usurious. He testifies that when the $18,200.00 note was created, that principal sum was less than the principal balance then owed by appellant under the prior agreement.

This Brooks affidavit further states, with regard to the note sued upon:

"[T]he principal balance of the promissory note executed by the defendant does not include any discount fee or interest charges which have accrued under the terms of [the prior agreement]."

Appellant replied with a second affidavit of his own, wherein he states:

"I have no records that reflect whether the principal amount of the note the subject of this suit includes any discount fees or interest charges that accrued to Plaintiff under [the prior agreement]. *I do not personally know whether such is the case.*" (emphasis added)

As we view the pleadings and affidavits, and consider the sequence in which they were filed, we conclude that the appellant did not create a genuine issue of fact as to one or more of the essential elements of the appellee's cause of action. There is no sworn testimony contending that the $18,200.00 note includes any interest charges from the prior agreement.

The burden, of course, is on a movant to show that there is no genuine issue of material fact and that he is entitled to summary judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1976).

In evaluating whether a disputed material fact issue exists, we must indulge every reasonable inference in favor of the nonmovant and take as true the evidence that is favorable to him. *Wilcox, supra.*

Having considered the evidence within this framework, we conclude that the appellee has met its burden.

This suit seeks no recovery upon the parties' prior contract and only seeks recovery upon the subsequent promissory note.

The appellee's summary judgment proof includes the Brooks affidavits that the appellee is the legal owner and holder of the note; that its original $18,200.00 amount was principal only; did not include any interest charges from the prior contract; the unpaid principal balance is $16,435.74; past due; the note was accelerated; appellant was so notified; demand for payment was made and refused; and the appellant still refuses to pay.

Not only did the appellant's summary judgment evidence fail to deny execution of the note or controvert the other elements of appellee's cause of action, the appellant's final response *conceded* that he did not know whether the note included any interest charges from the prior contract.

Appellant's plea of usury therefore is a legal conclusion which, without supporting facts, has no probative value. *Sterling Const. Co. v. West Texas Equipment,* 597 S.W.2d 515 (Tex.Civ.App.—Amarillo 1980,

no writ); *Manges v. First State Bank & Trust,* 572 S.W.2d 104 (Tex.Civ.App.—Corpus Christi 1978, no writ).

"Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." Tex.R. Civ.P. 166–A.

Although appellant's amended answer alleges usury and contains a general denial and is sworn, that is not the kind of "answer" contemplated by the rule. As used in Rule 166–A, "answer" means one in response to the motion for summary judgment rather than one filed by a defendant in response to the plaintiff's original petition. *Feller v. Southwestern Bell Tel. Co.,* 581 S.W.2d 775 (Tex.Civ.App.—Houston [14th Dist.] no writ).

In appellant's final affidavit, he states that the appellee should have given him an additional $1,745.60 cash or credit under the terms of their prior agreement.

The right of offset is an affirmative defense. As such, appellant has the burden of *pleading* offset and proving facts to support it. Tex.R.Civ.P. 94; *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.1980).

Appellant did not plead a right of offset and therefore may not urge that affirmative defense for the first time via affidavit in a summary judgment proceeding. *International Shelters v. Corpus Christi St. N. Bank,* 475 S.W.2d 334 (Tex. Civ.App.—Corpus Christi 1971, no writ); *Texas State Bd. of Regist. for Pro. Eng. v. Trimble,* 366 S.W.2d 124 (Tex.Civ.App.—El Paso 1963, no writ).

We have considered each of the appellant's points of error, and each is overruled.

Judgment of the trial court is affirmed.