

# The Attorney General of Texas

October 3, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. JM-206

Re: Whether a county bail bond board may limit the number of bail bond licenses granted in that county

Dear Mr. Curry:

You ask whether article 2372p-3, V.T.C.S., grants the Tarrant County Bail Bond Board authority to limit the number of bail bond licensees in Tarrant County. You inform us that the act, which in section 5(f)(1) grants county bail bond boards the authority "to supervise and regulate all phases of the bonding business," has been read to include the power to promulgate rules limiting the number of licenses granted by the board. The quoted language was added to article 2372p-3 in 1981 and, you suggest, may be the legislative response to Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ). In Deckard, the court of civil appeals ruled that a bail bond board may not impose requirements on applicants for licenses in addition to those prescribed by the legislature. Despite the coincidence of this case and the seemingly broad legislative reaction to it, you contend that the stronger argument is that the Tarrant County Bail Bond Board is without authority to limit the number of licenses it issues. We agree with your conclusion and answer your question accordingly.

Pursuant to its police power, the legislature may properly delegate to a board or agency the power to grant, refuse, revoke, or cancel licenses regulating businesses and occupations. Trimble v. State Board of Registration for Professional Engineers, 483 S.W.2d 275 (Tex. Civ. App. - El Paso 1972, writ ref'd n.r.e.), cert. denied, 412 U.S. 920 (1978). Such power, however, may only be exercised as expressly granted by statute or necessarily implied therefrom. Stauffer v. City of San Antonio, 344 S.W.2d 158 (Tex. 1961). Thus, this office has previously concluded that in pursuit of its lawful duties, a bail bond board may investigate an applicant's reputation for honesty, truthfulness, fair dealing, and competency. Attorney General Opinion H-441 (1974). However, in enacting any necessary rules or regulations, a licensing board "may not act contrary to but only consistent with, and in furtherance of, the expressed statutory

purposes." American Liberty Insurance Co. v. Ranzau, 481 S.W.2d 793, 796-97 (Tex. 1972). Whether a bail bond board may limit the number of licensees in a county, therefore, must be determined by reference to statute.

A review of article 2372p-3 reveals no provision expressly granting the power sought by the Tarrant County Bail Bond Board. Nor, we believe, can such authority be implied from the act. As noted above, article 2372p-3 was significantly amended in 1981. See Acts 1981, 67th Leg., ch. 312, at 875. The amendments were offered primarily to facilitate the collection of unpaid bond forfeitures, to require more detailed information concerning an applicant's financial background, to require adequate amounts of cash or property surety, and to delineate "the manner in which a license may be refused, suspended, revoked, or cancelled." Bill Analysis to Senate Bill No. 727, prepared for House Committee on Criminal Jurisprudence, 67th Leg., 1981, filed in Bill File to Senate Bill No. 727, Legislative Reference Library. Consequently, it is unmistakably clear that the legislature sought to "strengthen the authority of County Bail Bond Boards so they may regulate the bail bond business more properly." Id. It is equally apparent, however, that in accomplishing this the legislature did not intend to bestow on these entities the unbridled discretion to grant or refuse applications on grounds not found in article 2372p-3.

Article 2372p-3 requires the bail bond board "to issue licenses to those applicants who qualify under the terms of this Act." Sec. 5(f)(2). In addition, if "the board is satisfied that no grounds exist on which to refuse the application, the board shall enter an order tentatively approving the application," provided the applicant subsequently satisfies the security requirements of the act. Sec. 6(e). Section 9(a), meanwhile, provides that a board may only deny a license "to any person who has not complied with the requirements of this Act for applying for an original or renewal license." It is obvious, then, that although the county bail bond board is charged with the duty of regulating "all phases of the bonding business," the board is not accorded authority to establish a ceiling on the number of licenses it shall issue.

Since no limitation on the number of bail bond licensees is authorized by article 2372p-3, any attempt by the Tarrant County Bail Bond Board to engraft such a limitation on the act by rule would fall squarely within the prohibition of the Deckard decision. The rule-making power of the bail bond board under the act was strictly construed by the court of civil appeals in that case and, in our opinion, remains unaffected by the 1981 amendments to the statute:

> The rule-making power delegated to the board under
> the statute is merely the power to make rules

> relating to the making and setting of bail bonds. . . .
>
> The legislature has carefully set out the requirements which must be met by applicants for bail bond licenses. . . . The function of the bail bond board is to administer the statute, not to amend it, at least in the absence of statutory language indicating a legislative intent that the board should have the power to add to the qualifications enumerated by the legislature.

Deckard, supra at 217.

We are reminded that the policy of this state with regard to the bail bond business is

> to provide reasonable regulation to the end that the right of bail be preserved and implemented by just and practical procedures governing the giving or making of bail bond and other security to guarantee appearance of the accused. (Emphasis added).

V.T.C.S. art. 2372p-3, §1. The act provides no standard upon which to base the limitation contemplated by the Tarrant County Bail Bond Board. Without direction from the statute, the board might be encouraged to regulate arbitrarily, a practice the legislature has taken pains to eliminate. Moreover, it is conceivable that a predetermined limit on the number of bail bond licenses issued would erode, rather than preserve, the right of bail.

### S U M M A R Y

Article 2372p-3, V.T.C.S., does not authorize the Tarrant County Bail Bond Board to limit the number of bail bond licensees in Tarrant County.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton