

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-20-00059-CV

———————————————————

MARILYN MAILLOUX, Appellant

V.

KJ ENVIRONMENTAL MANAGEMENT, INC., Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2019-00977

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Marilyn Mailloux raises three issues complaining of the trial court's granting of Appellee KJ Environmental Management, Inc.'s traditional motion for summary judgment in this breach-of-contract case involving environmental consulting services. We affirm.

## II. BACKGROUND

In an August 2018 letter, KJ Environmental proposed "to provide environmental and/or engineering consulting services" for Mailloux's residential property in Aubrey, Denton County, Texas. By her signature dated August 22, 2018, Mailloux authorized KJ Environmental to proceed with the services set out in the letter.

After a dispute concerning payment for the services arose, KJ Environmental filed suit against Mailloux alleging breach of contract, quantum meruit, and unjust enrichment. Mailloux filed a pro se response "refut[ing] all claims" and attaching documents that she alleges "show Toxic Water and serious medical problems [she has] from ongoing flooding."

Several months later, KJ Environmental filed its traditional motion for summary judgment. By order, the trial court set the motion for summary judgment for hearing on September 11, 2019. On August 29, 2019, Mailloux filed a letter

2

requesting a continuance.[1]  At the hearing on the continuance with both Mailloux and KJ Environmental's attorney present, the trial court reset the motion for summary judgment on its November 13, 2019 submission docket.

No response was filed to the motion for summary judgment.  On November 13, 2019, the trial court signed a judgment granting the motion for summary judgment and awarding KJ Environmental damages of $12,957.43; attorney's fees of $4,000 through the date of trial; attorney's fees of $9,000 for an appeal to the Court of Appeals and $9,000 if the matter is appealed to the Texas Supreme Court; pre-judgment interest; post-judgment interest; and court costs. Through counsel, Mailloux filed a motion for new trial, which was overruled by operation of law.  This appeal followed.

---

[1]No motion for continuance was filed.  Mailloux's letter included a "[r]equest for delay of 90 days, due to medical and house has to be condemned, due to Toxic water, acid rain on roof, Toxic chemicals in 5 A/C units, plus other illegal problems." Attached to the letter were forty-five pages of various unauthenticated and unsworn documents, including Mailloux's medical records, letters and emails to State Farm Insurance, photographs, responses to Plaintiff's First Request for Production of Documents and First Request for Admissions, an attorney's fee statement, a letter from the United States Environmental Protection Agency, and Mailloux's letters to United States Attorney General William Barr, United States Senator Mitt Romney, Texas Attorney General Ken Paxton, Denton County District Attorney Paul Johnson, and KJ Environmental's attorney.

## III.  DISCUSSION

### A.  Standard of Review

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant if reasonable jurors could not.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.  *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

### B.  Application of Law to Facts

Mailloux raises three issues in this appeal.  First, Mailloux contends that the trial court erred in granting KJ Environmental's summary judgment because it was not proper to grant a default summary judgment.  Second, she argues that the trial court erred in granting summary judgment because, at a minimum, the record demonstrates a genuine issue of material fact.  And third, Mailloux asserts that because notice is the cornerstone of due process and essential to the granting of summary judgment, modification of the law is warranted to ensure that nonmovants have proper notice of summary judgment hearings.

4

### 1. Default Summary Judgment

We start with Mailloux's contention that the trial court erred in granting a "default" summary judgment.[2] Mailloux argues that this is a default summary judgment because the judgment states that Mailloux "did not timely file a Response to the Motion for Summary Judgment and wholly made default."

It is well settled that a trial court may not grant a summary judgment by default; that is, the court may not grant a summary judgment because the nonmovant failed to respond to the motion when the movant's summary judgment proof is insufficient. *Wimmer v. State*, No. 03-03-00135-CV, 2004 WL 210629, at *2 (Tex. App.—Austin Feb. 5, 2004, pet. denied) (mem. op.) (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 678). The movant must establish his entitlement to summary judgment by conclusively proving all essential elements of his cause of action or defense as a matter of law. *Id.* Unless the movant's summary judgment evidence is legally sufficient, the trial court may not grant a summary judgment by default where the nonmovant does not answer or respond to the motion. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Summary judgment motions "must stand or fall on their own merits." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993).

---

[2]A "default" summary judgment occurs when summary judgment is granted without the nonmovant's having filed an answer or response to the summary judgment motion, and the movant's summary judgment proof is insufficient. *Briscoe v. B & G Investments*, No. 07-14-00141-CV, 2016 WL 1391326, at *6 n.6 (Tex. App.—Amarillo Apr. 6, 2016, pet. denied) (mem. op.) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

While Mailloux states that default is "the only reason that the Court granted the motion," Mailloux fails to note that the judgment also states "that all procedural actions required to be taken have been taken and that there is no issue of material fact that would preclude the granting of a Judgment against [Mailloux] and in favor of [KJ Environmental]." Mailloux's argument does not recognize that KJ Environmental's motion for summary judgment included evidence of the substantive elements of its breach-of-contract claim. Therefore, this is not a case in which the trial court's decision was based solely on the nonmovant's failure to respond to the motion.

Because this is not a summary judgment motion granted solely due to the nonmovant's failure to answer, we must examine the summary judgment and affirm it if any of the summary judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Therefore, we overrule Mailloux's general complaint that the trial court erroneously granted a default summary judgment.

### 2. Summary Judgment Evidence

#### a. Breach of Contract

In her second issue, Mailloux contends that the trial court erred in granting summary judgment because the record raises a genuine issue of material fact on KJ Environmental's breach-of-contract cause of action. Mailloux argues that because she provided evidence in the record disputing that KJ Environmental provided environmental services, KJ Environmental did not prove performance or tendered performance.

6

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848. In deciding whether the summary judgment will be affirmed, we look to see whether the record establishes that the movant conclusively proved all essential elements of its cause of action. *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

To be entitled to summary judgment on its breach-of-contract claim, KJ Environmental was required to prove, as a matter of law, (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach, and (4) the plaintiff's damages sustained as a result of the breach. *Luccia v. Ross*, 274 S.W.3d 140, 146 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). While KJ Environmental failed to expressly state the cause of action in its motion,[3] it did state that it was seeking judgment on the following grounds:

> a. That [Mailloux] entered into an agreement with [KJ Environmental] for engineering consulting services on or about August 22, 2018. . . .

> b. That [Mailloux] failed and refused to pay for the services provided by [KJ Environmental].

---

[3]No special exception to the motion was filed. An exception is required if the nonmovant wishes to complain on appeal that the grounds relied on by the movant were unclear or ambiguous. *McConnell,* 858 S.W.2d at 342.

        c.      That demand was made on [Mailloux] to pay for the services more than thirty (30) days prior to suit being filed or judgment being taken.

        d.      That despite the demand, [Mailloux] failed and refused, and continues to fail and refuse, to pay [KJ Environmental] in accord with the Agreement and the balance due and owing to [KJ Environmental] in the amount of $12,957.43.

In support of its motion, KJ Environmental attached several documents: the proposal signed by Mailloux, the invoices sent to Mailloux showing KJ Environmental's services and charges, the demand letter sent to Mailloux, Plaintiff's First Request for Admissions to Mailloux,[4] the affidavit of KJ Environmental's custodian of records Mandie Ware, and the affidavit of its attorney Gregory J. Sawko. Ware's affidavit provided in part,

        [KJ Environmental] would show that it entered into a written agreement with [Mailloux] for engineering consulting services. That agreement was executed by Defendant on or about August 22, 2018. . . . In accord with the Agreement, [KJ Environmental] provided the engineering consulting services. In exchange for providing the services, [Mailloux] agreed to pay the fees set out in the Agreement.

        I have calculated the amounts that are owed by [Mailloux] to [KJ Environmental] as a result of her default in paying the fees due and have personally determined that the total balance due and owed is accurate, and the amount owed is $12,957.43. Further, I have thoroughly examined all offsets and credits to be given or applied to [Mailloux's] account and would affirmatively state that all offsets and credits have been given and applied to [Mailloux's] debt.

---

        [4]The motion for summary judgment included the following unsworn and uncorroborated statement: "[Mailloux] has not answered the Request for Admissions and therefore has admitted each and every one as a matter of law." The legal effect of this statement and the request for admissions is discussed below.

To prevail on its breach-of-contract claim, KJ Environmental must have presented summary judgment evidence on all elements of its claim. To satisfy the first element—the existence of a valid contract—KJ Environmental attached a copy of the signed agreement. The agreement is sufficiently certain to enable a court to determine the rights and responsibilities of the parties. *See Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

For the second and third elements—performance and breach—Ware's affidavit stated that KJ Environmental "provided the engineering consulting services," and Mailloux "default[ed] in paying the fees due." The invoices described the type and nature of the environmental consulting services provided, as well as the date and cost of the services. Together with Ware's affidavit testimony authenticating and corroborating them, the invoices show both performance and breach. *See Ramirez v. Coca-Cola Refreshments USA, Inc.*, No. 01-13-00278-CV, 2013 WL 5761315, at *3 (Tex. App.—Houston [1st Dist.] Oct. 22, 2013, no pet.) (mem. op.).

Fourth and finally, the invoices set out a balance of $12,957.43 connected with environmental and engineering services provided to Mailloux. In her affidavit, Ware stated that "the amount owed is $12,957.43[,]" and "all offsets and credits have been given and applied" to Mailloux's debt. This language is sufficient to support summary judgment. *See Albright v. Good Samaritan Soc'y-Denton Vill.*, No. 02-16-00090-CV, 2017 WL 1428724, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, no pet.) (mem. op.)

9

(holding affidavit statement that "all just and lawful offsets, payments[,] and credits to this account have been allowed" is sufficient to support summary judgment); *see also Emiabata v. Nat'l Capital Mgmt., LLC*, No. 03-10-00373-CV, 2011 WL 4924124, at *3–4 (Tex. App.—Austin Oct. 13, 2011, no pet.) (mem. op.) (holding affidavit statement that a certain balance remained on a note "[a]fter all offsets, credit and payment[s] have been applied" was sufficient to support summary judgment). The summary judgment evidence conclusively established that KJ Environmental was entitled to prevail on each and every element of its breach-of-contract cause of action.

### b. Attorney's Fees

In its judgment, the trial court also awarded KJ Environmental $4,000 in attorney's fees for services rendered through the date of trial, $9,000 if the matter is appealed to the Court of Appeals, and $9,000 if the matter is appealed to the Texas Supreme Court. Section 38.001(8) of the Texas Civil Practice and Remedies Code authorizes the award of attorney's fees in this case. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8).

To support its claims for attorney's fees, KJ Environmental attached the affidavit of its attorney Sawko. In his affidavit, Sawko averred that he had practiced law in Denton County since 1989 and had handled hundreds of debt collection cases. Based on his years of practice, he testified that the reasonable and necessary attorney's fees in this case "up to and including [s]ummary [j]udgment" were $4,000. Further, he stated that "should an appeal to the Court of Appeals be filed, . . . attorney's fees in

the amount of $9,000 to defend or respond to same . . . are usual and customary fees charged in Denton County, Texas." In addition, he swore that if either party sought review to the Texas Supreme Court, "the usual and customary attorney fee for services that [Sawko] will have to perform is $9,000.00." Finally, he stated that all of the fees were "reasonable and necessary fees and charges for those services in a collection matter." Sawko's affidavit was sufficient to support KJ Environmental's attorney's fees. *See Law Office of David E. Williams, II, P.C. v. Fort Worth Tex. Magazine Venture, LP*, No. 02-10-00373-CV, 2011 WL 2651865, at *3 (Tex. App.—Fort Worth July 7, 2011, no pet.) (mem. op.) (stating that "[w]ell-settled law recognizes that an uncontroverted affidavit of the attorney representing a claimant constitutes expert testimony on reasonableness that will support an award of attorney's fees in a summary judgment proceeding"); *see also Albright*, 2017 WL 1428724, at *5–7 (examining an attorney's fee affidavit by Sawko in support of a summary judgment).

### c. Controverting Evidence

Once a movant meets its burden of establishing each element of a claim on which it seeks summary judgment, the burden shifts to the nonmovant to disprove or raise an issue of fact as to at least one of those elements. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). To sustain her burden, Mailloux points to "evidence" she filed which disputes that KJ Environmental provided environmental services. However, the "evidence" that she references was

11

not filed in response to the motion for summary judgment. Rather, all of the documents were filed either with her answer or her request for continuance.

Rule 166a(c) provides that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). "Answer," as used in Rule 166a(c), means an answer in response to the summary judgment motion, not an answer filed by a defendant to a plaintiff's petition. *Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Batis v. Taylor Made Fats, Inc.*, 626 S.W.2d 605, 607 (Tex. App.— Fort Worth 1981, writ ref'd n.r.e.). When presenting summary judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. *Gonzales v. Shing Wai Brass and Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.). Mailloux's "evidence" was not filed or identified in response to the motion for summary judgment and therefore cannot be considered as summary judgment evidence.

### d. Deemed Admissions

Next, Mailloux argues that deemed admissions cannot support the summary judgment because KJ Environmental's assertion that Mailloux did not timely respond to the request for admissions is not supported by the record.[5] We agree. While KJ

---

[5]After all briefs were filed, KJ Environmental filed its "Supplement to Court's Record" in the court of appeals. In the document, it requested that this court supplement its record to include two attached documents: (1) a copy of the letter sent to Mailloux enclosing Plaintiff's Request for Disclosure, Plaintiff's First Request for

12

Environmental attached a copy of the request for admissions as summary judgment evidence, it failed to offer summary judgment evidence that a response was not timely served. Tex. R. Civ. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order."). However, the discovery is not needed to support the motion for summary judgment. As set out above, KJ Environmental's breach-of-contract claim is established by other competent summary judgment evidence.

We hold that the trial court did not err in granting KJ Environmental's motion for summary judgment. We overrule Mailloux's second issue.

### 3. Notice of Summary Judgment Hearing

In Mailloux's third issue, she urges this court to modify the law regarding the notice of summary judgment hearings. Citing prior cases from this court, Mailloux contends that "[c]ase law is chipping away at the stringent requirements set forth by the Rules and should be modified to protect the due process of nonmovants." *See Caudle v. Oak Forest Apts.*, No. 02-14-00308-CV, 2015 WL 9244874, at *5 (Tex. App.—Fort Worth Dec. 17, 2015, pet. denied) (mem. op.) (holding notice sufficient

---

Production, and Plaintiff's First Request for Admissions and (2) a print-out from the United States Postal Service showing that the letter and the enclosures were delivered on June 5, 2019. In response, Mailloux filed a motion to strike requesting that the supplemental record be stricken. *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ) ("It is elementary that, with limited exceptions not material here, an appellate court may not consider matters outside the appellate record."). We grant the motion to strike.

"because Caudle knew of the hearing (and appeared at it), [and] she had the opportunity to let the court know prior to or at that hearing that she had not received the summary judgment motion to obtain an opportunity to respond to the motion"); *Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.—Fort Worth 2002, pet. denied) (holding that a party need only give reasonable notice that a hearing on a motion for summary judgment has been rescheduled); *Int'l Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no writ) (holding that after a party has been served with notice of a motion for summary judgment in one term of court, the motion may be heard at the later term without service of another notice— all that is required is "reasonable" notice of the hearing).

But, unlike the cases Mailloux cites, this is neither a case where the nonmovant did not have notice of the summary judgment hearing nor a case where the nonmovant failed to receive "reasonable" notice of a reset hearing. Rather, at the conclusion of the hearing on Mailloux's request for a continuance of the summary judgment hearing, the trial court granted Mailloux's request for a continuance and gave actual notice of the new hearing date and time.

> THE COURT: I will continue this for 60 days. And as a matter of fact, I'm going to get you a new trial date today. That way [ ] there will be no confusion on what the date will be.
> . . . .
>
> (Pause in proceedings.)

14

THE COURT: All right. Back on the record. This matter has been reset on the submission docket for November the 13th at 11:00 a.m. in this courtroom. And with that - -

MR. SAWKO: Could I ask a question of Ms. Mailloux, just - - and I didn't mean to interrupt you, Judge, but I want to make sure - - You've got notice of it. Do you understand that that's the date - -

MS. MAILLOUX: Yes. I just wrote it down.

MR. SAWKO: Okay. I just want to make sure the record's really clear, that she's here today, she has notice, there's no additional notices we have to give her - -

THE COURT: Correct.

MR. SAWKO: - - relating to that, that she - -

MS. MAILLOUX: No, I have an attorney, environmental right here that - -
. . . .

THE COURT: So - - so again, what he's saying is this Court nor he will send out any additional notices. This is your date, okay?

MS. MAILLOUX: Okay. No problem. I have it written down.

Mailloux made no objection to the reset date. Further, she made no request for additional notice.

By failing to object, Mailloux waived any complaint that she may have had to either the form or substance of the notice of the reset summary judgment hearing. *See Hatler v. Moore Wallace N. Am., Inc.*, No. 01-07-00181-CV, 2010 WL 375807, at *1 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) ("[L]ack of proper notice of a summary judgment hearing is a non-jurisdictional defect that the

15

nonmovant can waive."). To the extent that Mailloux is making a due process claim, due process only requires that a party be given notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 363 (Tex. App.—Dallas 2009, pet. denied). As Mailloux acknowledged at the continuance hearing, she had notice of the reset hearing, which was set more than sixty days away, thereby enabling Mailloux to have a meaningful opportunity to be heard. We overrule Mailloux's third issue.

## IV. CONCLUSION

Having overruled all of Mailloux's issues, we affirm the trial court's summary judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 29, 2020